GEORGE HODGES, Appellant, *v.* WILLIAM COOPER, Respondent.

A request to charge which is erroneous in part as embracing too much, is entirely ineffectual.

(Cause argued December 13th, 1870 ; decided December 20th, 1870.)

APPEAL from the judgment of the General Term of the Superior Court of the city of New York, affirming a judgment for the defendant at the New York circuit.

The facts in the case sufficiently appear in the opinion of the court.

*W. E. Church*, for the appellant.

*Brown & Estes*, for the respondent.

By the Court—PECKHAM, J. The action was to recover damages against defendant, a stock broker, for loss sustained by the alleged unauthorized sale of certain railroad stocks, purchased by defendant for plaintiff upon margins. The plaintiff averred in his complaint, and testified that upon his giving to defendant an indorsed note for $1,200, on 2d of October, he agreed to buy, and carry for plaintiff, 100 shares of Chicago and N. W. stock for thirty days, and as much longer as plaintiff wanted, provided the market price did not fall below the purchase price ; and he was also to carry a hundred shares of same stock, then held by defendant for plaintiff, for the like time, provided the market price did not fall below the price on that day. The note was given, and the stock purchased. The hundred shares purchased were sold on the same day, at a profit to plaintiff of seventy-five dollars. The other hundred were also sold within the thirty days.

The defendant testified, that as to the one hundred shares he then (on 2d October) held for plaintiff, he agreed with

plaintiff, that on receiving the note he would carry it as long as he could; that as to the other one hundred shares, he bought them on the express agreement with plaintiff, that he should have complete control over them. He undertook this because he had no margin from plaintiff. The note, he insisted, was given for the amount then due him. The plaintiff testified, that he owed defendant but $700, in one aspect of the case, and $950 in another. There was some testimony of the defendant as to other stock (Erie), to the effect, that when he first took the amount, he took that only on condition that he should sell it at his discretion. But, as to the N. W. stock, his testimony was as given. He also testified, that on the day he sold the hundred shares of north western first purchased, the plaintiff told him to sell at fifty-seven and one-half, and that he never repudiated the sale. It was purchased at forty-eight and one-half. The plaintiff admitted he ordered him to sell at fifty-seven and one-half on that day, but said he countermanded that order before the sale took place.

This was substantially the testimony in the cause. The difference between prices on first 100 shares was $2,475, between second 100, was $1,326, and these sums plaintiff was entitled to recover if he recovered at all, on each hundred.

The counsel for the plaintiff then requested the court to charge the jury that unless the jury find there was a contract between the parties, that the defendant should exercise his discretion when to sell the stock, then defendant could not legally sell the stock without giving notice to plaintiff of time and place of sale. The court refused to charge this. Exception.

This request in terms embraced both stocks—each hundred shares; yet there is no pretence on the evidence that this dis cretion applied to more than the last hundred purchased. The question of discretion had nothing to do with the other hundred; as to that hundred there was a direct issue between the parties. Obviously the defendant intended to be understood as swearing that he sold by the direct authority of the

plaintiff. The request therefore was improper as to that hundred, and being erroneous in part it fails entirely. Besides, the court did in fact substantially so charge and put the whole case to the jury, so as to give the plaintiff the benefit of his position. That if they believed the plaintiff's statement, then he was entitled to recover the whole amount claimed, but if they believed the defendant's, then he should have their verdict. There was no exception. We think this charge was right, and embraced the whole merits of the case.

Judgment should be affirmed.

All the judges concurring.

Judgment affirmed.