Corlett, J.
Samuel S. Rising died in October, 1879, leaving a will which was admitted to probate. In the will he devised to his son Chauncey, and Jane, his wife, an annuity of §200, one hundred payable on the 28th day of October, and the other on the 28th day of April of each year. He also devised to the respondent 133 acres of land, charged with the payment of the annuities. The respondent accepted this devise, took possession of the land and paid the annuities up to and including the 28th day of October, 1882, and before the 12th day of October, 1885, certain other claims, the amount of which was matter of controversy between the parties.
On April 26, 1875, Washington Gifford recovered a judgment against Chauncey W. Rising, to enforce the payment of which the plaintiff was appointed receiver in proceedings supplementary to execution on the 26th day of August, 1885, by the county judge of Niagara county.
In June, 1886, an action was commenced to recover the amount of the unpaid legacies. Issue was joined in that action, the cause was referred, a trial was had which resulted in a report in favor of the plaintiff, upon which judgment was entered for §590.71. The defendant appealed from that judgment, which was affirmed, 55 Hun, 61 ;30 N. Y. State Rep., 310, the court holding, among other things, that during the joint lives of Chauncey and wife, the annuities belonged to him. This judgment was paid in March, 1890, and satisfied the judgment upon which the plaintiff was appointed receiver.
In October, 1889. the receiver commenced another action against the respondent to recover three more annual legacies of §200 each, accruing between June 26th, the date of the commencement of the first action, and October 26, 1889. In February, 1890, judg *696 ment was recovered for $739.10, including interest and costs, no part of which has been paid.
Before judgment in the last action, this action w”as commenced in a justice’s court for $100 for the annuity falling due October 28, 1889, in which judgment was recovered on the 9th day of December of that year for $106.32 damages and cpsts. From this judgment the .defendant appealed to the county court, where, in March, 1890, the justice’s judgment was reversed. - From the judgment entered on the reversal the plaintiff appealed to this court.
The learned county judge before whom the appeal was heard, wrote the following opinion:
“ The papers contained in the return in this action show clearly that the plaintiff, in a prior action in the supreme court, recovered a judgment against the defendant for the full amount of the judgment in respect of which the plaintiff was appointed receiver of Ohauncey W. Rising, and that on the trial of this action no evidence was given tending to show that the receivership had been extended, or to show what amount remained unpaid, if anything, upon the claim represented by the receiver plaintiff.
“ The action seems to have been brought upon the theory that as the plaintiff had been appointed receiver of the property of the judgment debtor, he had a right without proof of any fact beyond that of his appointment to recover any property of the judgment debtor or any debt due him.
“ This, I believe, a mistaken view of the law. The receiver, under the rule laid down in O'Connor v. The Mechanics' Bank, 7 N. Y. Supp., 380; 27 N. Y. State Rep., 1, is not entitled to recover more than enough to satisfy his claim, particularly as against a third party, as in this case. It seems that the recovery in the first action in the supreme court is prima facie, at least, proof that the plaintiff has recovered all he is entitled to recover as against the defendant here. The judgment is not sustained by the evidence, and should be reversed, with costs.”
The case shows that the judgment affirmed on appeal to this court was sufficient to pay the one to enforce which the plaintiff was appointed receiver. There is no proof showing, or tending to show, that the judgment was not'perfectly good ; in fact it appears that it was afterwards fully paid, and enough realized to pay the judgment to enforce which the receiver was appointed. In addition to this, security was given on appeal to this court.
The duty of a receiver in proceedings supplementary to execution are ended when the j udgment he is appointed to enforce is fully paid. After that he could not by virtue of his receivership collect additional demands. When, by virtue of his receivership, the judgment is not? actually paid, but abundantly secured, and the receiver has enough in his hands to extinguish the judgment, no reason is seen why he should be allowed to recover other judgments or collect other demands.
The conclusion reached by the county court was correct, and the judgment must be affirmed.
Judgment affirmed, with costs.
Dwight, P. J., and Macomber, J., concur.