## WALLACE v. WILLIAMS et al.

(*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

1. SEARCH-WARRANT—EXEMPLARY DAMAGES.

In an action for damages by causing plaintiff's premises to be searched for stolen property under a void warrant, it is error to charge that exemplary damages may be awarded, where it is not alleged or proven that defendants acted maliciously.

**2. SAME—WHO LIABLE.**

    A defendant who makes an affidavit on which a void search-warrant is issued, but who neither delivers it to the officer nor directs it to be delivered, nor directs a search to be made, is not liable for the execution of the warrant.

    Appeal from circuit court, Niagara county.

    Action by George S. Wallace against Michael H. Williams and Sophia E. W. Williams. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendants appeal.

    Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

    *George D. Judson*, for appellants.   *William C. Greene*, for respondent.

    CORLETT, J. In October, 1888, Andrew Bowman searched the plaintiff's house and barn for stolen property. None was found, and this action was brought against the defendants, on whose application the warrant was issued. A trial was had in April, 1889, before a justice and jury, which resulted in a verdict for the plaintiff of $200 damages. A motion for a new trial was made and denied, and the defendants appealed to this court from the judgment entered upon the verdict and the order. It appeared that Andrew Bowman was a constable, and that the defendants made application to a justice of the peace of the county of Niagara for a search-warrant, which was issued. The affidavits stated, in effect, that certain personal property had been stolen, and that the affiants had probable cause to believe, and did believe, that some part of it was concealed on the premises of the plaintiff. No grounds were stated in the affidavits showing any foundation for a belief that the property alleged to have been stolen was concealed in the house or barn of the plaintiff. The trial justice held that the affidavits were entirely insufficient to confer jurisdiction upon the justice of the peace to issue a search-warrant, for the reason that no facts were stated upon which the warrant was issued tending to establish probable cause. At the close of the evidence the learned counsel for the defendants asked for a non-suit, which was denied, and exception taken. The plaintiff testified, in substance, that when Bowman came to search the house he stated he had a search-warrant caused to be issued by the defendant Michael H. Williams, which he read. The plaintiff further testified that he told the constable he had authority to go through the house and barn, and he would not hinder him. The constable's evidence was to the same effect. The trial justice charged the jury, stating to them that the premises were searched, by the direction of the defendants, for property alleged to have been stolen; that the search-warrant was void; and that the plaintiff made out a cause of action. The defendants claimed that they did not act maliciously, and that they had no unkind feeling, but were inspired solely by an honest desire to find the stolen property. The trial justice charged that on the question of damages the plaintiff was entitled to such as he had sustained; also exemplary damages, if the jury thought he was entitled to them. The exception to the charge by the defendants was as follows: "Defendants except to that part of the charge which says that the plaintiff is entitled to a verdict of some kind, and to exemplary damages, if the jury think so." If a part of the charge to which this exception was taken was correct, the exception is not available, for it should have been confined to that portion which was erroneous. *Schoonmaker* v. *Bonnie*, 119 N. Y. 565, 23 N. E. Rep. 1106; *Jones* v. *Osgood*, 6 N. Y. 233; *Hodges* v. *Cooper*, 43 N. Y. 216; *Wallace* v. *Oil Co.*, 12 N. Y. Supp. 428; *Bosley* v. *Machine Co.*, 123 N. Y. 550, 25 N. E. Rep. 990. If any part of the charge was correct, the exception was too broad to be available. The defendant's counsel requested the court to charge "that, there being no allegation and no evidence of any malice or ill-will on defendant's part against the plaintiff, this is not a case where exemplary damages are awarded." The court refused so to charge, and the defendant's counsel excepted. The com-

plaint does not allege malice, and there seems to have been no evidence on the trial tending to prove it. This exception, therefore, was well taken.

But there is another aspect of the case which seems to have escaped attention on the trial. The evidence tends to show that the defendant Michael H. Williams not only made one of the affidavits upon which the search-warrant was issued, but he also delivered it to the constable, with directions to go and search the plaintiff's premises. But his wife, so far as the case shows, did nothing except to make the affidavit. She neither delivered it, directed its delivery, nor directed the constable to make the search. It is true that the learned trial justice, in charging the jury, stated that the defendants directed the constable to execute the warrant. No exception was taken to this charge, nor was the attention of the trial justice called to the fact that the wife gave no directions. In *Lewis* v. *Rose*, 6 Lans. 206, it was held that the mere delivery of a warrant believed to be valid by a complainant, to the officer by whom it is executed, will not subject the complainant to an action for false imprisonment; otherwise where the warrant is delivered with directions to arrest, if it be void. To the same effect are *Von Latham* v. *Libby*, 38 Barb. 339; and *Nowak* v. *Waller*, 10 N. Y. Supp. 199. In *Miller* v. *Adams*, 52 N. Y. 409, it was decided that a person who applies to a judge to issue an attachment for the arrest of another, and who receives and delivers it to a sheriff for service, is liable in case the attachment was void. In the case at bar the acts of the defendant Michael H. Williams, in delivering the warrant, with directions to execute it, would make him liable in case the proof was sufficient. But, as against him, the right to recover exemplary damages does not appear to have been shown, and the charge may have caused the jury to render a larger verdict on that ground. Aside from this, the request to charge, above quoted, to which exception was taken, raised the question. As against the wife, the evidence entirely failed to show a right to recover. It follows that the order and judgment must be reversed, and a new trial granted. All concur.