ELIJAH R. SCHOONMAKER, Appellant and Respondent, *v.* FRANK W. BONNIE et al., Respondents and Appellants.

In an action for specific performance of a contract for the sale of land, it appeared that the contract was executed by defendants F. and R., in whom was the title. Their wives were also made defendants. They all joined in the answer, which recites, "defendants further admit that they did promise to convey the said premises to the plaintiff," and the only issue tendered therein or litigated was that the contract in suit was induced by the fraudulent representations of plaintiff. There was no allegation that the wives were not parties to the contract, or were not

bound thereby. The issue of fraud was decided against defendants, and the judgment required their wives to join with their husbands in the conveyance directed. The defendants jointly excepted to the findings of facts and law, but none of the exceptions were directed ·toward said provision of the judgment. The General Term reversed that part of the judgment on the ground that the wives were not parties to the contract. *Held,* that as there was no special exception pointing out the objection, the reversal by the General Term was error.

*It seems* that had the objection been raised on the trial, and presented by a proper exception, it would have been valid.

As to whether the court has power to specifically enforce a contract by a married woman to release her dower interest, made upon a consideration passing to her husband, when they were residents of, and the contract was made in another state, in which the common-law disabilities of married women still exists, *quære.*

Where a reversal of a judgment by the General Term is upon the law, not the facts, to sustain the reversal here, it must appear that some exception was taken on the trial raising a question of law, and that such question was erroneously decided.

A judgment will not be reversed as to one of several parties appellant although to him erroneous in law, upon a general exception by all, in the absence of a special exception pointing out the error in the particular case.

(Argued March 11, 1890; decided March 18, 1890.)

CROSS APPEALS from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1887, which reversed in part a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wm. H. Henderson* for appellant. In overruling the defendants' motion for a nonsuit the referee did not err. (*Bommer* v. *A. S. & H. M. Co.,* 81 N. Y. 468; Pomeroy on Cont. §§ 140, 141.) A party who formally and explicitly admits by his pleading that which establishes the plaintiff's right, will not be suffered to deny its existence or to prove a state of facts inconsistent with that admission. (*Paige* v. *Willett,* 38 N. Y. 31.) A general exception is without avail.

(*Paige* v. *Willett*, 38 N. Y. 28; *Newell* v. *Doty*, 33 id. 83; *Ward* v. *Craig*, 87 id. 550; *Smedis* v. *B. & R. B. R. R. Co.*, 88 id. 13.) When parties go to trial, and no question is raised by any party upon the pleadings at any stage of the case, then judgment may be given in accordance with the evidence. And it is too late after judgment to object that the pleadings did not authorize the giving of the evidence, which was received without objections, and which sustains the judgment. (*Day* v. *Town of New Lots*, 107 N. Y. 148; *Davis* v. *Leopold*, 87 id. 620; *Thompson* v. *Bank of B. N. A.*, 82 id. 1; *Stewart* v. *Morse*, 79 id. 629.)

*John J. Inman* for respondents. The judgment entered upon the report of the referee should have been reversed, as to all the defendants. (*Vanderbilt* v. *Schreyer*, 21 Hun, 537; *Beck* v. *Allison*, 4 Daly, 421.) The inchoate right of dower of Mrs. Frank W. and Mrs. Robert P. Bonnie in the lands in question was an actual subsisting right, possessing a pecuniary value. (*Simer* v. *Canaday*, 53 N. Y. 298; *Witthaus* v. *Schack*, 24 Hun, 332; *Daly* v. *Baker*, 12 id. 222; *Steele* v. *Ward*, 30 id. 555.)

ANDREWS, J. The General Term reversed that part of the judgment entered upon the report of the referee which required the defendants Mrs. Frank W. Bonnie and Mrs. Robert P. Bonnie, the wives of the other defendants, to join with their husbands in the conveyance to the plaintiff, on the ground that they were not parties to the contract for the sale of the land, for the specific performance of which the action was brought. This ruling of the General Term presents the main question in the case.

If the point upon which the General Term proceeded had been raised on the trial and presented by a proper exception, we perceive no ground for questioning its conclusion.

The defendants Frank W. Bonnie and Robert P. Bonnie had title to the land embraced in the contract. Their wives had simply an inchoate right of dower therein. The contract,

as the complaint shows, was made by the husbands, and to it their wives were not parties. The admission in the answer, viz.: "Defendants further admit that they did promise to convey the said premises to the plaintiff," although equivocal and misleading, taken in connection with the allegation in the complaint, may, we think, be construed as an admission simply of the contract alleged by the plaintiff.

The referee, in his report, finds that the contract was entered into between the plaintiff and the two male defendants. The judgment, however, requires the wives to join in the convey-ance directed, as if they had contracted with their husbands to convey to the plaintiff, of which there is no evidence. Even if they had been parties to the contract, a very serious question would arise as to the power of the court to specifically enforce as against them, a contract to release their dower interest upon a consideration passing to their husbands, and especially as the contract was made in another state by residents there, wherein the common-law disabilities of married women, so far as appears, still exist.

The reversal in this case was upon the law and not upon the facts, and, to affirm the judgment of reversal, it must appear that some exception was taken on the trial raising a question of law, and that such question was erroneously decided. The point upon which the General Term decided the case was not raised in any form on the trial, and is evidently an after thought. The defendants united in their answer, and the only issue tendered therein was that the contract in question was induced by the fraudulent representations of the plaintiff. There was no allegation that the *femmes covert* were not parties to the contract, or were not bound thereby. The trial proceeded upon the assumption that all the defendants stood in the same situation in respect of their liability. The issue of fraud was the only issue litigated, and was the issue upon which the case was decided. There was no finding and no request to find upon the point now presented. If this point had been raised the plaintiff would have been in a position to demand damages against the other defendants on the ground

of the imperfection of their title. The defendants jointly excepted to the finding of facts and law in the report of the referee. But none of the exceptions were directed to the point now made, that the contract did not bind the female defendants. We have recently decided that a judgment will not be reversed as to one of several parties appellants, although as to him erroneous in law, upon a general exception by all, in the absence of a special exception pointing out the error in the particular case. (*Murray* v. *Usher*, 117 N. Y. 542.) The reversal by the General Term cannot, we think, be sustained, and it is a satisfaction to know that but a small pecuniary interest is involved in our decision. The appeal by the defendants Frank W. and Robert P. Bonnie is destitute of merit.

The result is that the judgment of the General Term should be reversed as to the appeal of the plaintiff, and affirmed as to the appeal of the defendants Frank W. and Robert P. Bonnie. This restores the judgment entered on the report of the referee. The plaintiff should also have costs of one appeal in all courts against the male defendants.

All concur.

Judgment accordingly.