MAGOVERN et al. v. ROBERTSON et al.

(*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

1. PARTIES TO CONTRACT—ERASURE OF NAME.

In an action for the price of goods sold to a partnership, it appeared that when the partnership agreement was drawn a blank space was left in the body thereof for the names of the parties of the second part, which were to be written in afterwards. The agreement was then signed by one S. and others, as parties of the second part; but S. afterwards requested the erasure of his name, and was informed that his name was erased, it being partially scratched over with a knife, but still legible. When the names were written in the body of the agreement the name of S. was omitted, and he never took part in the firm business, or had any interest in it, and plaintiffs had no knowledge that he was a member of the firm. *Held*, that S. was properly omitted as a party defendant to the action.

2. WRITS—SERVICE ON ONE OF SEVERAL DEFENDANTS.

In an action on a contract signed by Jackson & Hollenbeck, it appeared that the firm was composed of one Jackson and Abbie E. Hollenbeck. Plaintiffs, by mistake, made one Addison E. Hollenbeck a defendant instead of Abbie E. On the trial the referee allowed the name of Abbie E. to be substituted as a defendant, as authorized by Code Civil Proc. N. Y. §§ 723, 1018, and judgment was rendered against both defendants, though only Jackson had been served with process. *Held*, that such judgment was proper; Code Civil Proc. N. Y. § 1932, providing that in case of joint liability judgment may be entered against all the defendants, though only part of them have been served with process, but that such judgment can be enforced only against the joint property.

Appeal from judgment on report of referee.

Action by John P. Magovern and others against Evolin B. Robertson and others. There was a judgment for plaintiffs, and defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*A. C. Pickard*, for appellants.     *W. H. Henderson*, for respondents.

CORLETT, J. About the 3d day of May, 1881, the defendants entered into an agreement in writing, of which the following is a copy:

"Memorandum of an agreement made and entered into this 30th day of April, 1881, by and between Evolin B. Robertson, of the village of Mayville, Chautauqua county, N. Y., of the first part, and M. Mattison, W. B. Martin, C. H. Johnson, Oren Stoddard, James Moon, W. Holt, A. C. Pickard, H. D. Stoddard, W. Northrop, Jr., D. H. Matthews, John Northrop, A. M. Rinehart, Jackson & Hollenbeck, W. H. White, Mark Jones, J. H. Wood, J. W. Broadhead, of the town of Busti, said county, of the second part, witnesseth: That, for and in consideration of the covenants hereinafter expressed, the said party of the first part hereby covenants and agrees, to and with the said parties of the second part, to put a stock of dry goods, groceries, hats, caps, boots and shoes, etc., in what is known as the 'John R. Robertson Store Building,' situate in Busti village; said stock to be at least of the value of three thousand dollars, to be replenished from time to time as it runs below the amount; said party of the first part to procure the services of John R. Robertson to manage said store, and devote his time thereto to the interests of the business. The parties of the second part agree to indorse the paper of the said party of the first part to the amount of $2,000, which sum is to go into the business, and the parties of the second part are to have an interest at all times in the goods of said store to the amount of their indorsement, subject, however, to no liability except such indorsement. At the end of one year the party of the first part is to cause an invoice of the goods on hand to be taken in the presence, if required, of two of the parties of the second part, and the net profits of said business, including all commissions for buying hides, butter,

cheese, wool, and other products received by said manager, and after deduct-
ing insurance on goods, fuel, lights, additional clerk hire, freights, and other
necessary expenses of the business, to be divided as follows:   Two-thirds of
said net profits to belong to the party of the first part in consideration of her
capital and management of said business through said John R. Robertson,
and the use of said store building, and the other one-third of said net profits
are to be paid to the said parties of the second part, *pro rata*, in considera-
tion of their said indorsement, and their general interest in the business.   It
is further stipulated, by and between the parties, that, at any time previous to
the expiration of one year, when a majority of the parties of the second part
shall make a request in writing to the effect, the party of the first part shall
cause an invoice of the stock of goods on hand to be taken in the presence of
two of the parties of the second part, and if it be ascertained that the business
is sustaining any considerable loss, and the said parties of the second part
so demand, the party of the first part shall turn over sufficient amount of said
goods to secure said parties of the second part against any liability on account
of said indorsement, or relieve said parties of the second part from said in-
dorsement, by causing said indorsed paper to be canceled.   And it is further
agreed by and between the parties that if, at the end of one year, it is ascer-
tained that there has been a profit in said business, and the party of the first
part so require, the provisions of this contract shall extend another year; but,
if the party of the first part desire to continue said business without the aid of
said indorsement, then this contract, from and after that date, becomes abro-
gated.   Said parties to this contract are to do what they reasonably can to
make said business a success.   In witness whereof we have hereunto set our
hands and seals this 29th day of April, 1891.

| | |
|---|---|
| "EVOLIN B. ROBERTSON. | (L. S.) |
| "M. MATTISON. | (L. S.) |
| "W. B. MARTIN. | (L. S.) |
| "C. H. JOHNSON. | (L. S.) |
| "OREN STODDARD. | (L. S.) |
| "JAMES MOON. | (L. S.) |
| "W. HOLT. | (L. S.) |
| "A. C. PICKARD. | (L. S.) |
| "R. D. BUSH. | (L. S.) |
| "H. D. STODDARD. | (L. S.) |
| "WM. NORTHROP, JR. | (L. S.) |
| "D. H. MATTHEWS. | (L. S.) |
| "JOHN NORTHROP. | (L. S.) |
| "(A. A. STODDARD.) | |

"[Mr. Stoddard's name was not in the body of the agreement, but was at
the end.   It had been scratched over with a knife, and could be easily read,
and was very distinct.]

| | |
|---|---|
| "A. M. RINEHART. | (L. S.) |
| "JACKSON & HOLLENBECK, | (L. S.) |
| "WM. H. WHITE. | (L. S.) |
| "A. W. SMITH. | (L. S.) |
| "MARK JONES. | (L. S.) |
| "J. H. WOOD. | (L. S.) |
| "J. W. BROADHEAD. | (L. S.)" |

This action was commenced in June, 1882, to recover the balance of a bill
of goods.   Issue was joined, the action was referred, and the referee found
for the plaintiffs.   It appeared that the above agreement was made for
the purpose of establishing and carrying on a store in the village of Busti,
Chautauqua county.   After considerable litigation, the court of appeals de-
cided (116 N. Y. 61, 22 N. E. Rep. 398) that the parties to the agreement
were partners, reversing the same case in 40 Hun, 166.   The referee's third

finding of fact is as follows: "That at the time said written agreement was so drawn and prepared a blank space was left in the body thereof for the purpose of writing therein the names of the parties thereto of the second part; that at the time the said agreement was executed it was understood and assented to by the respective parties thereto; that the said instrument would not be used as a contract until it was signed by at least twenty persons other than Evolin B. Robertson; that thereupon, and as hereinbefore stated, the twenty persons named in said instrument, as parties of the second part thereto, did execute the same under their hands and seals, and as hereinbefore found and stated, and thereupon one Thomas Jackson became the custodian thereof on behalf of the said parties thereto, and subsequently the names of the said parties thereto of the second part were written in the body of said instrument in the blank space so left therein for that purpose by the said Alonzo C. Pickard." The seventh finding is: "That the names of the persons in the body of the said agreement in writing are the same persons who executed the same, and are the same persons named as defendants in the summons and complaint in this action, except that the signature, 'Jackson & Hollenbeck,' represents the defendant Jane C. Jackson and one Abbie E. Hollenbeck; that the correct names of the parties to said instrument in writing, hereinbefore fully set out, are Evolin B. Robertson, Monroe Mattison, William B. Martin, Charles H. Johnson, Oren Stoddard, James Moon, William Holt, Alonzo C. Pickard, Russell D. Bush, Hiram D. Stoddard, William Northrop, Jr., Davis D. Bush, John Northrop, Amos M. Rinehart, Jane C. Jackson, Abbie E. Hollenbeck, William H. White, Aaron W. Smith, Mark Jones, James H. Wood, James W. Broadhead; that at the time of the execution of said agreement in writing all of said defendants except James W. Broadhead lived at Busti, aforesaid; he then resided in the adjacent town of Ellicott." Those findings are supported by the evidence, and the defendants took no exception to the seventh finding. The referee found the following conclusions of law: "As conclusions of law, I find and decide that the said defendants were copartners in said business so carried-on by them under the said name and style of 'Busti Union Store;' that the name Addison E. Hollenbeck be changed to Abbie E. Hollenbeck; that the said defendants, as such copartners, are indebted to the plaintiffs for and on account of said goods, wares, and merchandise so sold and delivered to them by the said plaintiffs in the said sum of one thousand two hundred and eighty-one dollars and fifty-nine cents, with interest thereon from January 6, 1882, the total indebtedness being at this date the sum of one thousand nine hundred and fifty-four dollars and fifteen cents. Judgment is ordered and directed in favor of the plaintiffs, and against said defendants, for said last-named sum, together with the costs of this action to be taxed." The only exception to the conclusions of law was as follows: "The said defendants except to all of the findings of law in said referee's report."

Ansel A. Stoddard signed his name to the agreement, but a day or two after requested its erasure, and was afterwards informed that it was erased. Stoddard never took part in carrying on the business, and the plaintiffs had no knowledge that he was a member of the firm, or had any interest in it. His name was never inserted in the body of the agreement. It was conceded on the trial that the defendant Addison E. Hollenbeck was not the Hollenbeck named in the agreement in the signature, "Jackson & Hollenbeck." That in fact those signatures were made by Jane C. Jackson and Abbie E. Hollenbeck. Addison E. Hollenbeck was never a party to the contract. It was also agreed that the summons in this action was never served upon either Addison E. Hollenbeck or Abbie E. Hollenbeck. The defendants, among other things, answered that Thomas Jackson, Abbie E. Hollenbeck, and Ansel A. Stoddard should be made parties defendant, and claimed non-joinder. The referee's ninth finding is as follows: "That neither the summons nor

complaint in this action was served upon any person by the name of Hollenbeck; that Abbie E. Hollenbeck is the correct name of the Hollenbeck mentioned in the agreement herein set out, and is made a party thereto." In his conclusions of law, above quoted, he finds that the name Addison E. Hollenbeck be changed to Abbie E. Hollenbeck. This change was made, and judgment entered in form against her as well as the other defendants. The learned counsel for the appellants in his brief reverses the names of Abbie E. Hollenbeck and Addison E. Hollenbeck. He therefore states that Abbie E. Hollenbeck appeared and answered, but Abbie E. did not, so far as the case discloses.

Two questions are presented by this appeal,—one as to whether Ansel A. Stoddard should have been made a party to the action. The case shows that after he signed the instrument, but before its body was filled with names he expressed a wish not to become a party, which was so far acquiesced in that the signature was partially scratched out, and his name was never inserted in the body. He never in any of the dealings was treated as a party to the contract, and was not made defendant. Upon the facts appearing, no reason is seen why he should have been made a defendant.

The other question is the omission to make Abbie E. Hollenbeck a party defendant. Addison E. Hollenbeck was never a party to the contract. Abbie E. Hollenbeck was, the name used being Jackson & Hollenbeck, but when the action was commenced the pleader mistakenly assumed that the signer was Addison E. Hollenbeck, who was made defendant. These facts appeared on the trial, and the referee allowed a correction of the name. Sections 723 and 1018 of the Code of Civil Procedure confer power upon the court or referee to amend summons or complaint in respect to parties. In the case at bar Abbie E. Hollenbeck was a party to the contract. The given name of a person who was not such was used by the plaintiffs. Upon the discovery of the mistake the referee allowed an amendment. Addison E. Hollenbeck had no concern or interest. He had a right to appear when sued, but in this case he was not served with process, but for some reason (not disclosed) his attorney interposed an answer, in which he pleads, among other things, the non-joinder of Abbie. Section 1932 of the Code of Civil Procedure, in the case of joint liability, authorizes judgment in form to be entered against all the defendants, although part of them are not served with process; but, under the same section, an execution could not be collected against the individual property of Abbie, and could only be collected from the joint property. In the present case the referee had power to correct the name; it was so corrected; judgment in form was entered against her, as well as the other defendants. If for any reason the judgment against her is improper, she would be the party to seek its correction. The plea of non-joinder is answered by the fact that she is included in the judgment with the rest. The seventh finding shows that Abbie E. was a party to the instrument. No exception was taken to that finding by the defendants. The conclusion of law, that the name Addison E. Hollenbeck be changed to Abbie E. Hollenbeck, was not excepted to. The defendants' exception to all the findings was not sufficiently specific to raise this point, or any other. *Schoonmaker* v. *Bonnie*, 119 N. Y. 565, 23 N. E. Rep. 1106; *Murray* v. *Usher*, 117 N. Y. 542, 23 N. E. Rep. 564: *Smedis* v. *Railroad Co.*, 88 N. Y. 13; *Bosley* v. *Machine Co.*, 123 N. Y. 550, 25 N. E. Rep. 990. It follows that the judgment must be affirmed. All concur.