### DRUMMOND v. FISHER et al.

(*Common Pleas of New York City and County, General Term.* January 4, 1892.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS.

   In a petition by a landlord in summary proceedings to recover possession of the demised premises, an allegation that certain persons, "as assignees or under-tenants," hold over, etc., after expiration of the tenant's term, is a mere designation of the persons in possession, not an allegation of the nature of such possession.

**2. SAME—ASSIGNMENT OF LEASE.**

An assignment of a lease is not proved by an indorsement thereon purporting to assign the lease, of which the body and unacknowledged signatures thereto are evidently written in the same hand, where there is no proof by the subscribing witness thereto, or proof of assent to such assignment by the landlord, as required by the lease.

**3. SAME—ASSENT OF LANDLORD TO ASSIGNMENT.**

Proof of occupation of demised premises by a new firm of F. & Co., and that the rent was paid by checks of F. & Co., in the absence of proof that the landlord had knowledge of the formation of the new firm, is not evidence of his assent to an assignment to them by F., the original lessee, who had previously paid rent by checks in the same form.

**4. SAME—RIGHTS OF ASSIGNEES OF LEASE.**

A lease, which gave the lessee a right to a renewal if the leased premises should not be sold, provided that the lease should not be assigned without the lessor's consent. *Held*, that parties claiming to be assignees, without proof of an assignment assented to by the lessor, could not attack the *bona fides* of conveyances made by the lessor and her grantees, in summary proceedings for the possession of the premises brought by the last grantee.

**5. COURTS—REMOVAL OF CAUSES FROM DISTRICT COURT—SUMMARY PROCEEDINGS.**

The provisions of Code Civil Proc. § 3216, and of the New York city consolidation act, (Laws 1882, c. 410,) relating to the removal of causes from district courts to the court of common pleas, do not apply to summary proceedings to recover possession of land.

Appeal from eleventh district court.

Summary proceedings for the recovery of real property by Robert W. Drummond, landlord, against Frank L. Fisher, tenant, and Ezra Haskell and Peter T. Radiker and others, under-tenants. Judgment for the landlord. The defendants Haskell & Radiker appeal. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Platt & Bowers*, for appellants. *Abel Crook* and *John Callahan*, for respondent.

BOOKSTAVER, J. This appeal is prosecuted by Ezra Haskell and Peter T. Radiker, two only of the parties defendant to the summary proceedings. The premises in controversy consist of the store floor and a certain part of the cellar of the building on the south-west corner of Ninth avenue and Eighty-Fourth street, in this city. The lease under which the appellants claim their right to the possession of the premises was made on the 6th day of November, 1889, by Mrs. Catherine L. Beekman, then owner of the property, to one Frank L. Fisher, for the term of one year and six months from November 1, 1889, that is, until May 1, 1891, and contains a clause in the following words: "It is further understood and agreed between the parties of these presents that the said party of the second part [that is, Fisher] shall have the privilege of two years more after the expiration of the within lease at an increased rental of $100 per annum, providing the said building is not sold, and upon the same provisions, covenants, and conditions as contained in this lease. A new lease to be drawn out at the expiration of the within, for two years more." Among other covenants contained in the lease is one by the tenant (Fisher) that he "will not assign this lease * * * without the written consent of the said party of the first part, [Mrs. Beekman,] under the penalty of forfeiture and damages." On or about November 3, 1890, Mrs. Beekman executed and delivered to her daughters Addie L. Beekman and Mary E. Beekman a conveyance of these premises, which was recorded in the New York register's office December 31, 1890; and on April 24, 1891, the premises were, by direction of Mrs. Beekman's daughters, put up for sale at public auction at the Real-Estate Exchange and Auction Rooms, through Richard V. Harnett & Co., and were struck down to the present respondent, Robert W. Drummond, who thereupon professed to comply with the terms of sale, and received a conveyance of the premises from the Beekman daughters, and thereafter took these

proceedings as landlord to recover possession of the premises by reason of the expiration of the tenant's term. The appellants, Haskell & Radiker, dispute the *bona fides* of Mrs. Beekman's conveyance to her daughters, and also the *bona fides* of the sale at the Real-Estate Exchange, at which the present respondent became the purchaser, and claim that both sales were made in bad faith, without a valuable consideration, and for the sole purpose of depriving them of their rights under the lease to Fisher. The original lessee, Fisher, did not appear or answer in the proceedings, nor has he appealed from the final order.

In order that the appellants might successfully attack the *bona fides* of these sales, it was necessary for them to show to the court that they had, by assignment or otherwise, become Fisher's successors, and entitled to his rights of renewal under the covenant of the lease. This could have been done in several ways, and we have accordingly carefully examined the pleadings to see whether the fact of any assignment or other conveyance to them was admitted by the petition. The only clause in it having reference to this matter is in these words: "The term for which said premises were hired by said tenant [Fisher] and said thirty days having expired, the said tenant and Ezra Haskell and Peter T. Radiker, as assignees or under-tenants, Christian J. Doody, Charles B. Mason, Steven S. Mason, John Thomas, and John Doe and Richard Roe, * * * as assignees or under-tenants, hold over and continue in possession of said premises without the permission of said landlord, and after the expiration of said tenant's term thereunder." We do not think that this language can be construed into an allegation that Haskell & Radiker were assignees of Fisher, any more than the same language could be construed that the other persons named were such assignees. The allegation is in the alternative form, and was merely intended to designate the parties in possession without alleging the nature of such possession. Even in the answer, it is rather assumed than expressly alleged that the appellants were the assignees of Fisher; the language being, "and these defendants further deny that the term for which said premises were hired by said Frank L. Fisher and the term which was assigned to these defendants by him has expired," although sufficient, perhaps, under the pleadings required in district courts, to have permitted them on the trial to have given testimony of the assignment.

We have therefore carefully looked through the return to see whether such testimony was given. The petitioner put in evidence the original lease between Mrs. Beekman and Fisher, which was duly marked by the court on the face of the lease itself. On the back of this lease is indorsed what purports to be an assignment of it by Fisher to Haskell & Radiker, or, perhaps, we ought rather to say a copy of a supposed assignment, as it seems to us that Fisher's signature thereon and that of the subscribing witness are in the same handwriting; but there is no acknowledgment of the execution of that instrument entitling it to be read in evidence without proof. The subscribing witness was not called, and gave no evidence regarding it, nor was it, as far as we can see from the return, offered by any one; nor is there anything in the return to show when the original of this copy was executed, or that it was ever executed. Nor is there any proof that Mrs. Beekman or her grantee ever assented in writing to any assignment. Had the appellants gone into possession of the premises as assignees of Fisher, and either Mrs. Beekman or her grantee, the respondent in this proceeding, knowingly received rent from them, then we are of the opinion that we could have assumed there was an assignment, and that it was with the landlord's consent, although no written consent was shown. But no such evidence appears in the case. It is true that Mr. Haskell testified that he and his copartner Radiker had occupied the premises from September, 1890, under the firm name of Frank L. Fisher & Co., which was formed at that time, and that checks for the rent were paid to Mrs. Beekman in the name of Frank L. Fisher & Co. But there is no evi-

dence that Mrs. Beekman knew anything about the formation of a new firm, or that Haskell & Radiker were in the possession of the premises in question. The checks paid after September were in the same form and name as those paid before, and, in the absence of proof, we cannot infer that she must have known, or ought to have been put upon inquiry, in regard to the alleged transfer. And besides, Mrs. Beekman testified that she knew nothing about Mr. Haskell; and the joint affidavit of the two daughters was put in evidence by the defendants, in which they affirm that they have no knowledge whether Fisher ever assigned the lease to Haskell & Radiker; thus sharply calling the attention of the appellants to the necessity of proving an assignment.

The appellants, having failed to show their right to demand a new lease of the premises as provided for in the covenant regarding renewal, had no standing in court to attack the *bona fides* of either of the conveyances which they allege were made in bad faith. This being the case, it becomes unnecessary to examine the various exceptions to the admission or exclusion of evidence, and, in our opinion, the final order in the court below should be affirmed, with costs.

The appellants in the court below claimed the right to remove this case before trial to this court, and offered a bond for that purpose. Their proceedings, in order to effectuate a removal, were timely, provided they had a right to such removal in summary proceedings. But we do not understand that the provisions of the Code and consolidation act providing for the removal of actions before answer apply to summary proceedings. Before the new Code went into operation it was held in *Mittnacht* v. *Kellermann*, 105 N. Y. 461, 12 N. E. Rep. 28, that the provisions relating to the removal of actions were not broad enough to include an action for the claim and delivery of personal property. The final order in the court below is therefore affirmed, with costs.