DRUMMOND *v.* FISHER *et al.*

(*Common Pleas of New York City and County, General Term.* March 7, 1892.)

1. SUMMARY PROCEEDINGS—ASSIGNMENT OF LEASE—ADMISSIONS IN PLEADINGS.
    An allegation in a petition in summary proceedings for the recovery of leased premises, that certain persons hold over "as assignees or under-tenants," is not an admission by the landlord of the fact of an assignment of the lease.

2. SAME—PROOF OF ASSIGNMENT.
    In such a case, where the landlord's attitude does not assume the existence of an assignment, but, on the contrary, knowledge of it is disclaimed, no presumption arises in defendant's favor that proof of such assignment was withheld by the landlord's act or fault.

3. APPEAL—PRESUMPTIONS.
    A party does not owe a duty to suggest defects in his adversary's defense, so that, for an omission of such suggestion, the appellate court will, for the purposes of reversal, assume the existence of sufficient evidence to supply the defect.

Motion for reargument. Denied. For decision on appeal, see 16 N. Y. Supp. 867.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

PER CURIAM. For the reasons stated in the opinion, (see 16 N. Y. Supp. 867,) we do not accede to the contention of appellants' counsel that the allegations contained in the landlord's petition in the summary proceedings instituted to recover possession of the demised premises involved an admission of the fact of an assignment of the lease to Haskell & Radiker. Neither did the respondent's attitude upon the trial necessarily assume the existence of

such an assignment, but, on the contrary, all knowledge of it was distinctly disclaimed by the respondent's grantors. We cannot, therefore, assume that appellants were induced to withhold proof of the assignment of the lease to them by reason of any act or fault of the respondent, and without such proof appellants could not succeed in their defense, as has been already decided herein.

We are also unaware of any rule which imposes upon a party the duty of suggesting to his adversary that he supply a defect in the proof of his defense by proper evidence, and that for his omission to do so the appellate court will, for the purposes of the reversal of a judgment in his favor, assume the existence of sufficient evidence to supply the defect. The cases cited by appellants' counsel in this behalf do not support him. *Schoonmaker* v. *Bonnie,* 119 N. Y. 565, 23 N. E. Rep. 1106, decides no more than that a joint exception for all defendants is unavailable to any of them separately, if the ruling was proper respecting the others. In *Jackson* v. *Van Slyke,* 52 N. Y. 645, the court held that, where evidence of a defense was received upon the trial without objection, it is too late to object to its introduction for the first time on appeal; and in *Thayer* v. *Marsh,* 75 N. Y. 340, it was held that the court will not reverse a judgment for deficiency in the proof to support it, unless such deficiency was complained of in the trial court, and the erroneous ruling respecting it reached by a proper exception.

It is error for appellants' counsel to assert that the want of proof of an assignment of the lease was not among the points discussed upon the hearing of the appeal, and we refer him to the 5th, 6th, 7th, and 8th points on respondent's brief. The grounds alleged upon this motion are therefore not among those which may be assigned for reargument of an appeal, pursuant to rule 16 of the general term of this court. Motion for reargument denied, with $10 costs.