EDWARD PERRY v. JOHN B. SULIER AND CHARLES A. GOLDEN.

*Malicious prosecution—Probable cause—Advice of counsel.*

1. The discharge of a respondent upon his examination is not of itself conclusive evidence of want of probable cause.

2. An attorney of experience has the legal, as well as the moral, right to advise any one whether certain facts will justify a criminal charge, arrest, and examination, and the person seeking and receiving such advice is justified in acting upon it, if he fully and fairly states the facts to the attorney.

3. Where the record shows an honest and fair submission of the facts attending an alleged larceny to an experienced attorney, a justifiable opinion given thereon, and that the complainant acted honestly and without malice upon the advice so given in causing the arrest and examination of the person charged with the larceny, a verdict is properly directed in his favor in a suit brought againt him by the respondent for malicious prosecution.

Error to Monroe. (Kinne, J.) Argued March 10, 1892. Decided June 10, 1892.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*John O. Zabel* and *Ira G. Humphrey*, for appellant.

*E. R. Gilday* and *Landon & Lockwood*, for defendants.

GRANT, J.  This is an action for malicious prosecution. Golden was acquitted by the direction of the court and Sulier by the jury.

Plaintiff, who was about 24 years of age, resided at Petersburgh. Sulier, a farmer, resided in Bedford. Golden, an attorney at law, resided in the city of Monroe. He had practiced his profession there for 15 years, had been prosecuting attorney for 4 years, city attorney 7 years, and mayor of the city 1 year.  Plaintiff was slightly known to Sulier, but was not at all known to Golden.  Benjamin Sulier, the father of defendant Sulier, claimed that some money had been stolen from his safe which he kept in his house, and suspected the plaintiff had stolen it.  Benjamin went before a justice of the peace, and made an affidavit of the facts and circumstances connected with the taking of the money.  The defendant Sulier took this affidavit to Golden to obtain his advice in regard to the matter.  He was advised to go to an old lawyer, as the prosecuting attorney was a young man, and he testified that he went to Golden because he thought he was a proper man, and knew something about criminal business.  He went for the sole purpose of getting his advice as to whether the facts would justify the arrest of plaintiff.  Sulier submitted to Golden his father's affidavit, and stated to him all the facts known to him bearing upon the loss of the money, the conduct of the plaintiff, and the source of his information.  Golden advised him to investigate the matter further, and not to make any complaint until he had made these investigations.  About a month after he returned to Mr. Golden, and told him the result of his investigation, the facts he had learned, and the sources of his information.  Golden then advised him that the

facts as stated would justify the making of a complaint and having the matter investigated, and also told him that plaintiff might be able to explain the suspicious circumstances. Sulier then went before a justice of the peace, unaccompanied by Golden, showed the justice his father's affidavit, and was examined upon the facts and circumstances relating to the larceny by the justice, who then issued the warrant. It was served by the sheriff, who arrested the plaintiff, and brought him to Mr. Golden's office. Golden and Sulier both had a conversation there with the plaintiff, in which he asserted his innocence. Plaintiff was unacquainted in Monroe, and Golden advised him to telegraph for some one to come from Petersburgh to sign his bail-bond, and told the sheriff to notify the prosecuting attorney of the arrest. This was done. The prosecuting attorney went to the office of the justice, arraigned him, took his plea, asked that he give security for his appearance, and had the case adjourned. After the adjournment Sulier returned to Golden's office, and requested him to appear at the examination. Golden went to the prosecuting attorney, told him of Sulier's wish, and the prosecuting attorney replied that he would be glad to have his assistance. Golden then disclosed to the prosecuting attorney all the facts within his knowledge bearing upon the case. Upon the examination the prosecuting attorney and Golden were present, and the prosecuting attorney requested him to conduct the examination, as he was familiar with the case. At the close of the examination the plaintiff was discharged.

Plaintiff and his counsel charge Mr. Golden with having entered into a conspiracy with the defendant Sulier to institute this criminal proceeding against the plaintiff for the purpose of extorting from him money or a confession, and that the two acted maliciously, and without

probable cause. In order to maintain this action against either of the defendants, it was incumbent upon the plaintiff to show want of probable cause and malice, which may be inferred from want of probable cause. *Carson v. Edgeworth*, 43 Mich. 247. The fact of discharge upon the examination is not of itself conclusive evidence of want of probable cause. Otherwise every person arrested, charged with crime, and discharged upon the examination, would in every such instance have an action for false imprisonment or malicious prosecution. *Hamilton v. Smith*, 39 Mich. 226. Mr. Golden was an attorney of experience, and had the legal, as well as the moral, right to advise any one whether certain facts would justify a criminal charge, arrest, and examination. The person seeking and receiving such advice is in law as well as in morals justified in acting upon it, provided that he fully and fairly state the facts to the attorney. The record is barren of any evidence tending to show any 'ill-feeling on the part of the defendants towards the plaintiff. Neither was pecuniarily interested in the matter. The record contains all the evidence, and there is no disagreement as to the facts except upon the interviews which took place in Mr. Golden's office between plaintiff and the defendants after his arrest, and these conversations, upon the plaintiff's own version, had no bearing upon the question of want of probable cause. The facts, therefore, being undisputed, the question was one of law. *Huntington v. Gault*, 81 Mich. 155.

The judge was correct in directing a verdict for the defendant Golden. The record contains no evidence of any conspiracy, nor of any agreement that plaintiff, upon his arrest, should be taken to Golden's office.

This case is similar in its facts to those in *Huntington v. Gault, supra,* differing chiefly in the fact that in that case the facts were laid before the prosecuting attorney,

and his advice followed, whereas in the present case the facts were submitted to a private attorney, and his advice followed.    The record shows an honest and fair submission of the facts by Sulier to Golden, a justifiable opinion given thereon, an entire absence of malice, and that Sulier acted honestly upon the advice given him. Our conclusion renders it unnecessary to discuss the other questions involved.

Judgment is affirmed.

The other Justices concurred.