# ADOLPH HATJIE

v.

# WILLIAM HARE.

JANUARY TERM, 1896.

*Malicious prosecution.   Malice must be proved.   No evidence tending to show.*

1.  In an action for malicious prosecution, the plaintiff must allege and prove, as an independent fact, malice in the defendant.

2.  *Held* that the evidence in this case did not tend to establish such fact.

Action on the case for malicious prosecution.   Plea, the general issue.   Trial by jury at the September term, 1896, Chittenden county, TAFT, J., presiding.   At the close of the evidence the court directed a verdict for the defendant. The plaintiff excepts.

The evidence of the plaintiff tended to show that the defendant had brought suit against him for the conversion of a basket which he claimed that the plaintiff had unlawfully taken from his store; that the defendant testified in that suit that he had seen the plaintiff take the basket and that he could not be mistaken; that subsequently one Lesser was produced as a witness upon that trial, and testified that he had taken the basket which he brought into the court; that the defendant recognized the basket as his own upon seeing

jt, but still insisted that the plaintiff was guilty of its conversion.

*A. V. Spaulding* for the plaintiff.

The question of malice was for the jury, and there was evidence tending to show it. *Rogers* v. *Judd*, 6 Vt. 191; *Jones* v. *Booth*, 10 Vt. 268; *Wemet* v. *Missisquoi Lime Co.*, 46 Vt. 458.

*Seneca Haselton* and *Charles T. Barney* for the defendant.

There was no proof of malice in the defendant. *Barron* v. *Mason*, 31 Vt. 189; *Carleton* v. *Taylor*, 50 Vt. 220.

THOMPSON, J. This is an action on the case for malicious prosecution. To maintain it, it was incumbent upon the plaintiff to allege and prove as an independent fact, malice on the part of the defendant in bringing his action against the plaintiff. Dishonesty and bad faith on the part of the defendant must be established. Therefore the question whether there was malice in the mind of the defendant in the institution of his suit, was a distinct issue on trial, to be proven by the plaintiff. *Barron* v. *Mason*, 31 Vt. 189; *Driggs* v. *Burton*, 44 Vt. 124; *Carleton* v. *Taylor*, 50 Vt. 220. The plaintiff's evidence did not tend to prove such malice, and the county court, therefore, did not err in directing a verdict for the defendant at the close of the plaintiff's evidence.

*Judgment affirmed.*