[No. 4413. Decided January 28, 1903.]

R. NOBLETT, *Respondent,* v. CHRIST BARTSCH *et al., Appellants.*

MALICIOUS PROSECUTION — PROBABLE CAUSE — BURDEN OF PROOF — DISCHARGE BY COMMITTING MAGISTRATE.

The fact that plaintiff in an action for malicious prosecution had been discharged from a criminal charge without a trial upon the merits, while sufficient to make a *prima facie* case, would not shift the burden of proof in the action for damages to the defendants.

SAME — LIABILITY OF CO-PARTNERS.

The fact that plaintiff was maliciously prosecuted upon a charge of larceny of partnership goods would not raise a presumption that all the partners participated in his prosecution, but in order to render all the partners liable proof of their complicity in the prosecution would be necessary.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Reversed.

*John E. Humphries* and *Harrison Bostwick* for appellants.

The opinion of the court was delivered by

FULLERTON, C. J.—This is an action for malicious prosecution. The respondent was arrested on a warrant issued by a magistrate charging him with the crime of bringing stolen property into this state from a foreign country, and confined in jail for about one week's time. At the time fixed for the preliminary hearing he was discharged at the request of the prosecution without examination or any evidence being brought against him. The property which he was charged with having brought into the state was alleged to be the property of a partnership composed of the appellants, and to have been stolen by one G. E. Daniel, at Dawson, in the Northwest Territory, where Daniel had been connected in business in some form with the partnership. The respondent alleged in his complaint that the prosecution was instituted maliciously and without probable cause, and that he was damaged thereby in the sum of fifty thousand dollars. The jury returned a verdict in his favor for one thousand dollars, and it is from the judgment entered thereon that this appeal is prosecuted.

The court gave to the jury the following instructions:

"2. In an action for malicious prosecution, the fact that the plaintiff was discharged by the examining magistrate without hearing on the merits throws the burden of proving probable cause on the defendants."

"4. The dismissal of the prosecution alleged in the complaint without a trial is competent not only for the purpose of showing an end of the prosecution, but in addition it establishes a *prima facie* case of want of probable cause, and throws upon the defendants the burden of proving that there was a want of probable cause for the prosecution of the plaintiff."

"8. You are instructed further that the presumption exists that there was probable cause, and that the defendants acted without malice and in good faith in instituting the criminal prosecution, and that presumption stands until the plaintiff shows by a preponderance of the testimony that there was a total absence of probable cause, and that the prosecution was malicious; and if the plaintiff has failed to prove to your satisfaction, by a preponderance of testimony, the total lack of probable cause, and malicious institution of prosecution, then your verdict must be for the defendants. In connection with this instruction, however, I charge you that proof that the plaintiff was discharged at the preliminary hearing without a trial on the merits constitutes *prima facie* proof of the want of probable cause, and throws the burden of disproving it upon the defendants."

From these instructions it will be observed that the trial court took the view that the showing on the part of the respondent that the prosecution against him was voluntarily dismissed cast the burden of showing probable cause therefor upon the appellants. Assuming that a voluntary dismissal is equivalent to a discharge by the committing magistrate, there are cases which maintain this view. *Hidy v. Murray*, 101 Iowa, 65 (69 N. W. 1138); *Barhight v. Tammany*, 158 Pa. St. 545 (28 Atl. 135, 38 Am. St. Rep. 853); *Bigelow v. Sickles*, 80 Wis. 98 (49 N. W. 106, 27 Am. St. Rep. 25); *Bornholdt v. Souillard*, 36 La. An. 103. On the other hand, there are cases which hold that a discharge by a committing magistrate is not even evidence of want of probable cause. *Stone v. Crocker*, 24 Pick. 84; *Lancaster v. Langston*, 36 S. W. 521; *Israel v. Brooks*, 23 Ill. 575; *Thompson v. Beacon Valley Rubber Co.*, 56 Conn. 493 (16 Atl. 554); *Heldt v. Webster*, 60 Tex. 207; *Apgar v. Woolston*, 43 N. J. Law, 57. Others, again, announce the rule that the showing of a discharge by the committing magistrate is evidence of

want of probable cause, sufficient to make a *prima facie* case, but does not shift the burden of proof. Cooley, Torts, 184; 3 Lawson's Rights, Rem. & Prac., § 1084; *Eastman v. Monastes,* 32 Ore. 291 (51 Pac. 1095, 67 Am. St. Rep. 531); *Scott v. Wood,* 81 Cal. 398 (22 Pac. 871); *Vinal v. Core and Compton,* 18 W. Va. 1; *Rankin v. Crane,* 104 Mich. 6 (61 N. W. 1007). This latter is, we conceive, the correct rule. Generally the burden of maintaining the affirmative of the issue involved in the action is upon the party alleging the fact which constitutes the issue, and there is no apparent reason for making an exception in favor of actions for malicious prosecutions, more particularly as to the issue now in consideration. The very gist of an action for malicious prosecution is want of probable cause. The truth of other material allegations, such, for example, as malice, may be inferred from proof of want of probable cause, but this allegation, being of the very substance of the issue, must be substantially and expressly proved, and is never inferred or implied from the proof of anything else. We think, therefore, that the burden of proving this issue remained upon the respondent throughout the trial, and that the court erred in charging the jury to the contrary.

The court refused to charge the jury to the effect that one partner is not liable for a malicious prosecution instituted by his co-partner, unless he advises, directs, or participates therein, even though the prosecution be purported to be instituted for some wrongful or criminal act with relation to property belonging to the firm. This was error. The rule is that a partner, as such, is not liable for a malicious prosecution instituted by his co-partner unless committed in the course of, and for the purpose of transacting, the partnership business. As a prosecution for larceny is not within the scope of a business of a

mercantile partnership (the business engaged in by the appellants), there could be no presumption of participation by all of the partners, and it was necessary that this fact be proven. *Marks & Co. v. Hastings,* 101 Ala. 165 (13 South. 297); *Gilbert v. Emmons,* 42 Ill. 143 (89 Am. Dec. 412); *Rosenkrans v. Barker,* 115 Ill. 331 (3 N. E. 93, 56 Am. Rep. 169). The evidence, however, was conflicting on the question whether or not all of the appellants participated in the prosecution, and the jury should have been instructed on both sides of the question.

It is contended that the court erred in refusing to grant a nonsuit in favor of all of the appellants. This is based on the claim that the appellants fully and fairly stated all of the facts of their case to the prosecuting attorney of King county, and that the prosecution was instituted with his consent and advice. The trial court took the view that there was such a substantial dispute in the evidence as to make this question one for the jury, and instructed them on that theory. A perusal of the record inclines us to the belief that the court correctly interpreted the evidence, and hence we find no error in its refusal to grant a nonsuit.

The judgment is reversed and the cause remanded for a new trial.

DUNBAR, MOUNT, HADLEY and ANDERS, JJ., concur.