[No. 4949.   Decided October 5, 1904.]

CHARLES CHARLTON, *Respondent,* v. S. S. MARKLAND, *Appellant.*[1]

MALICIOUS PROSECUTION—DEFENSES—MALICE—ADVICE OF COUNSEL. In an action for malicious prosecution a nonsuit should not be granted on the ground that defendant instituted the same upon the advice of the magistrate, where the evidence merely showed that the magistrate stated that the charge was warranted if the facts could be substantiated.

[1]Reported in 78 Pac. 132.

SAME—LACK OF PROBABLE CAUSE—DISCHARGE FOR INSUFFICIENT PROOF. In an action for malicious prosecution, plaintiff's discharge by the magistrate because of insufficient evidence, is prima facie proof of want of probable cause.

APPEAL AND ERROR—REVIEW—EVIDENCE OF ADMITTED FACTS. It is not error to exclude evidence of facts which are admitted.

MALICIOUS PROSECUTION—DAMAGES—VERDICT NOT EXCESSIVE. A verdict of $600 in an action for malicious prosecution will not be disturbed as excessive where the plaintiff was an old man, was greatly humiliated, and lost much sleep, although he was under arrest less than one hour.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered April 10, 1903, upon the verdict of a jury rendered in favor of the plaintiff for $600 damages for malicious prosecution. Affirmed.

*Johnston & Girand (John R. McBride, of counsel), for appellant.*

*Connor & Hand,* for respondent.

MOUNT, J.—This was an action to recover damages for a malicious prosecution. The complaint alleged that the defendant had sworn to a complaint, before a United States court commissioner, charging the plaintiff with having unlawfully cut timber and cord wood from the public lands of the United States, for the purpose of selling said timber and cord wood; that the plaintiff was arrested, tried, and acquitted of said charge; and that the defendant made the charge and caused the arrest of the plaintiff without probable cause, maliciously, for the purpose of annoying and harassing plaintiff and causing him expense and damage. Defendant answered, admitting the proceedings before the United States court commissioner, but denied all the other allegations of the complaint. Upon a trial before a jury a verdict was returned in favor of the plaintiff for $600. Defendant appeals.

Appellant urges that the court erred in denying a mo-

tion for a nonsuit, first, for the reason that the defendant caused the criminal prosecution upon the advice of the magistrate. In the first place, there is no evidence in the record of the plaintiff's case in chief that the United States court commissioner advised the prosecution. It is true, the court commissioner, when upon the witness stand, testified as follows:

"Q. You say Markland had several interviews with you? A. Yes, sir. Q. Did you attempt to advise him as his attorney in the matter? A. I never did that. I simply stated, I suppose, as I do to others, that if the facts as stated could be substantiated, that I thought he would be warranted in bringing his complaint."

This does not show that the court commissioner advised the bringing of the prosecution. Even if the evidence has a tendency to show that the prosecution was based upon advice of the commissioner, it properly belonged to the defense (*Richardson v. Spangle,* 22 Wash. 14, 60 Pac. 64), and was a question for the jury. *Voss v. Bender,* 32 Wash. 566, 73 Pac. 697.

Second, that the plaintiff's proof fails to show want of probable cause. There was evidence to the effect that the wood cut by respondent was cut from a mining claim in possession of a third party, and was used by respondent for domestic purposes; that, a few days before the respondent was arrested, he and appellant had some difficulty over another mining claim, and the appellant thereupon, after using much abusive language, threatened to have the respondent arrested; that, upon the trial of the criminal case before the commissioner, respondent was discharged, for the reason that there was not "sufficient evidence or cause to believe him guilty." This court, in *Noblett v. Bartsch,* 31 Wash. 24, 71 Pac. 551, 96 Am. St. 886, adopted the rule that "the showing of a discharge

by the committing magistrate is evidence of want of probable cause, sufficient to make a *prima facie* case, but does not shift the burden of proof." Under this rule, the court did not err in submitting the case to the jury.

The appellant alleges error of the court in excluding the evidence of two witnesses, called by appellant for the purpose of showing what the records of the United States land office at Spokane contained, and also to prove a rule of the secretary of the interior. But the facts sought from these witnesses were admitted by the respondent, and, for that reason, there could be no error in the ruling of the court.

Appellant argues that the verdict is excessive. It is true that respondent was under arrest and in charge of an officer but a short time, probably less than one hour. But the evidence shows that the respondent is an old man, and that the accusation of crime and arrest greatly humiliated him, and caused him much loss of sleep, and some grief, which seemed to weigh upon him. Under these circumstances, the verdict of $600 is not so large as to justify us in interfering with it.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR and ANDERS, JJ., concur.