[No. 6190. Decided August 22, 1906.]

John Ton, *Appellant,* v. W. C. Stetson, *Respondent.*[1]

Malicious Prosecution—Probable Cause—Inference of Malice. In an action for malicious prosecution, the law does not necessarily impute malice from proof sufficient to make out a *prima facie* case of want of probable cause.

Same—Malice—Evidence—Sufficiency. Evidence is insufficient to show malice in swearing out a search warrant to search plaintiff's house for a shotgun and other personal property that had been stolen at a fire of a mill, at which the plaintiff had worked and had assisted in fighting the fire, where the plaintiff quit his employment without explanation, and where the defendant was not personally acquainted with the plaintiff, and had directed that he wished no one arrested but simply wanted to find his property.

Same—Liability—Unauthorized Acts of Officers in Executing Search Warrant—False Imprisonment. One who swears out a search warrant for the search of plaintiff's house, to recover stolen property suspected to be concealed therein, is not liable for malicious prosecution, where no search of the house was ever made, and the plaintiff's arrest and incarceration was wrongfully effected by the officers before executing the warrant, and without any direction so to do, or any approval thereof by the defendant; since the officers were guilty of a false imprisonment for which they alone would be liable.

Appeal from a judgment of the superior court for King county, Yakey, J., entered November 17, 1905, granting a nonsuit at the close of plaintiff's case, in an action for malicious prosecution. Affirmed.

*Frank H. Knapp* and *C. R. Hawkins,* for appellant.

*Allen, Allen & Stratton,* for respondent.

Crow, J.—This is an action of malicious prosecution, instituted by the appellant, John Ton, against the respondent, W. C. Stetson. The appellant alleged that on July 8, 1904, the respondent falsely, maliciously and without probable cause made a complaint before one John B. Gordon, a justice

[1]Reported in 86 Pac. 668.

of the peace in and for Seattle precinct, King county, Washington, that a C. Parker double barreled shotgun, and certain other personal property of said respondent, had been, on the 27th day of June, 1904, stolen, taken and carried away from respondent's possession; that said respondent verily believed said goods, or a portion thereof, were concealed in the house of said appellant in Seattle, King county, Washington; that upon said complaint, the respondent maliciously, and without reason or probable cause, procured said justice to issue a search warrant, directed to any sheriff or constable of King county, Washington; that said respondent, under color and pretense of the execution of said warrant, caused the house and premises of the appellant to be entered and searched for said goods, and caused the appellant to be taken and imprisoned in the city jail of the city of Seattle from ten o'clock a. m. of July 10, 1904, until two o'clock p. m. of July 11, 1904, when said justice, having examined appellant, caused him to be discharged; that the respondent had not further prosecuted said complaint, and that in procuring said warrant, arrest, imprisonment and prosecution of appellant, the respondent acted maliciously, without probable cause, and with the intention to injure the appellant in his good name, and to bring him into public disgrace and to injure his business and credit.

Respondent admitted the making of the original affidavit, but denied all the other allegations of the complaint. He also pleaded an affirmative defense tending to show probable cause and want of malice. Upon trial before a jury, a nonsuit was granted, and the action was dismissed. From said judgment this appeal has been taken.

The only assignment of error is that the trial court erred in granting the nonsuit and dismissing the action. From the evidence it appears that for some six weeks prior to June 27, 1904, the appellant was an employee of the Stetson Mill Company, with which the respondent seems to have had some business connection. On said day the mill was partly de

stroyed by fire. Appellant, with many other employees, assisted in fighting said fire. It appears that respondent claimed to have had the gun and other personal property in an office near said mill; that immediately after the fire said property was missing, and that the appellant, although not discharged, did not return to work for about one week, when he worked but a few hours or about one day, and again quit without being discharged and without explanation. He contended on the trial that he was seeking work elsewhere, being dissatisfied with that which he had at the mill. On July 8 the respondent appeared before Magistrate Gordon and handed him an affidavit for a search warrant, which affidavit had been prepared by the prosecuting attorney of King county, and which respondent then signed and verified. Respondent appears to have had nothing further to do with the proceedings or prosecution. The respondent and appellant were not personally acquainted; they never had any conversation except on one occasion when the respondent made some jocular remark to appellant. The magistrate kept no record of the proceeding on his docket. The only original paper introduced in evidence was the affidavit which was signed and verified by respondent. It was necessary to introduce secondary evidence to show the further proceedings.

The magistrate testified that the respondent had stated, when making the affidavit, that he did not want any one arrested, but merely wished to find his property; that he gave the magistrate no directions whatever as to further proceedings; that said search warrant was issued in the manner provided by statute; that on the morning of July 11, when the appellant appeared, the magistrate, upon being informed that no property had been found, discharged him; that respondent did not appear at said hearing, and that no witnesses were examined.

It further appears from the evidence that, on July 12, two men, whose names were not given, wearing citizen's clothes, appeared at the door of appellant's house and called him out

for a private interview; that in this interview they told appellant the respondent claimed to have lost the gun and other property, and that they believed he (appellant) had it in his possession; that appellant protested his innocence, and denied all knowledge of the theft or the property; that after some conversation, the visitors told appellant they were officers; that they had a search warrant, and that he was under arrest; that thereupon respondent invited them into his house, which they had not before entered, and asked them to make a search; that they declined to do so, no search being made, and that shortly thereafter they took appellant, whom they had placed under arrest, to the city jail, where he was confined until the morning of July 11. Witnesses were also introduced to show appellant's good character. The above is the substance of the testimony introduced by the appellant.

From the allegations of his complaint it appears that appellant is seeking to recover damages, on the theory that respondent has been guilty of malicious prosecution. To succeed it was necessary for him to show (1) want of probable cause, (2) malice upon the part of the respondent, and (3) that the criminal proceeding has been determined in his favor or abandoned. There is no question but that the criminal proceeding has been abandoned. We think it questionable whether the evidence was sufficient to show want of probable cause, but will assume, for the purposes of this case, that it was sufficient to make a *prima facie* showing. It was, however, necessary to show malice also. The appellant contends that, if probable cause has been shown, malice may be inferred therefrom; citing, *Noblett v. Bartsch,* 31 Wash. 24, 71 Pac. 551, 96 Am. St. 886, and *Charlton v. Markland,* 36 Wash. 40, 78 Pac. 132. In *Noblett v. Bartsch* the issue as to whether malice was proven was not before this court. We only announced the rule that the showing of a discharge by a committing magistrate is evidence of want of probable cause sufficient to make a *prima facie* case, but does not shift the burden of proof. In discussion we further said:

"The very gist of an action for malicious prosecution is want of probable cause. The truth of other material allegations, such, for example, as malice, may be inferred from proof of want of probable cause, but this allegation, being of the very substance of the issue, must be substantially and expressly proved, and is never inferred or implied from the proof of anything else."

In *Charlton v. Markland, supra,* the only issue before the court was that of probable cause, and not whether there was evidence sufficient to show malice upon the part of the defendant. While it is true that in some cases, where the evidence is sufficient to show a want of probable cause, malice may be inferred, it is not an invariable rule that it must necessarily be inferred. It would be a harsh rule to hold that, where the evidence was merely sufficient to make a *prima facie* showing of want of probable cause, malice must necessarily be inferred therefrom. If, in connection with the *prima facie* showing of want of probable cause, affirmative acts of the respondent had been shown disclosing the least feeling of bitterness, animosity or vindictiveness towards the appellant, then it might be that an inference of malice would be justified sufficiently to require the denial of a nonsuit. In this case there is an utter absence of any such showing. The parties were not acquainted with each other even in the slightest degree.

In *Harpham v. Whitney,* 77 Ill. 32, error was assigned on the charge of the trial court to the effect that proof of want of probable cause is proof of malice. In sustaining such assignment the supreme court of Illinois said:

"To maintain an action for malicious prosecution, it must appear that there was not probable cause for the prosecution, and also that the defendants were actuated by malice in instituting the prosecution. There must be both want of probable cause and malice. If the law imputed malice from want of probable cause, then there would be no distinct requirement of malice, but want of probable cause would be the sole element necessary. It is often said, the jury may infer

malice from the want of probable cause. They may do so under certain circumstances, but not in all cases."

We are of opinion that the *prima facie* showing of want of probable cause here made, taken in connection with the surrounding facts and circumstances, would not warrant a jury in finding or inferring malice on the part of respondent, and that said nonsuit was properly granted. Appellate courts have frequently sustained or directed nonsuits upon clearer evidence tending to show malice than that in the case at bar. See, *Hatjie v. Hare,* 68 Vt. 247, 35 Atl. 54; *Perry v. Sulier,* 92 Mich. 72, 52 N. W. 801; *Richter v. Koster,* 45 Ind. 440; Willis v. Knox, 5 Rich. (S. C.) 474.

Were we to concede, however, that the evidence was sufficient to show want of probable cause, and also to show malice on the part of respondent, still the nonsuit was properly granted. There is no showing that the search warrant was executed. The appellant, as authority for his right to recover, cites *Olson v. Tvete,* 46 Minn. 225, 48 N. W. 914; but in that case it was shown at the trial that the defendant not only caused the proceedings to be instituted, but also caused them to be carried on; that upon an actual search of the plaintiff's premises in accordance with the direction of the warrant, the property alleged to have been stolen and there concealed was not found, and that this fact was returned by the officer with his warrant. It was further shown that the plaintiff had long borne a good reputation for honesty and integrity. Upon such showing the court held that a motion for a nonsuit should have been refused, and in so holding stated that the proof of a thorough search and the official return to the warrant that the property was not found in the plaintiffs possession was *prima facie* proof that the property was not there, and that the plaintiff was not guilty of concealing the stolen goods or of larceny. Other authorities cited by appellant are less pertinent to the facts here than *Olson v. Tvete, supra.* No search was ever made of the appellant's premises; nor did the officers attempt any

such search. They arrested appellant before they entered his house. Bal. Code, § 7010 (P. C. § 2025), provides when a search warrant may be issued, while § 7012 (P. C. § 2027), points out the officer to whom such search warrant shall be directed, and states the authority it confers. From these sections it clearly appears that the warrant is to be served by first searching the premises designated, and if as the result of such search the stolen property is found, then the officers shall bring the property and the person in whose possession it is found before the magistrate. This was not done in the case at bar. If the magistrate, as he testified, issued a search warrant in the form directed by the statute, then the officers (if they were officers) who arrested the appellant, did so without authority of law and without any warrant authorizing such arrest. Their action was not a service of the search warrant as contemplated by the statute, but was a wrongful and oppressive act, resulting in a false imprisonment, for which they, if any one, would be liable to the appellant. We think this case is controlled by the principle laid down in *Bartlett v. Hawley,* 38 Minn. 308, 37 N. W. 580, where the court says:

"In respect to the third assignment of error, it is sufficient to say that if the imprisonment complained of was the necessary result of the issuance of the warrant sworn out by the defendant, his liability therefor would depend upon the sufficiency of his defence to the principal charge. If it was the wrongful act of the officer, and an abuse of the process, then the defendant would not be liable unless he was connected with or authorized the alleged wrong. *Gunz v. Heffner,* 22 Minn. 215 (22 N. W. Rep. 386)."

"The mere making of an affidavit upon which a [search] warrant is issued does not render the affiant liable where he neither delivers the warrant, directs its delivery, nor directs the constable to make the search." 25 Am. & Eng. Ency. Law (2d ed.), 151.

See, also, *Wallace v. Williams,* 14 N. Y. Supp. 180; *Barker v. Stetson,* 7 Gray 53, 66 Am. Dec. 457. There is absolutely

no evidence in any way connecting the respondent with the unauthorized acts of the parties who claimed to be officers and who wrongfully arrested the appellant, nor does it appear that respondent either directly or indirectly counseled, authorized or approved such illegal acts.

The trial court committed no error in granting a nonsuit. The judgment is affirmed.

MOUNT, C. J., ROOT, DUNBAR, and FULLERTON, JJ., concur.