[No. 12445.    Department One.    April 16, 1915.]

C. F. SAUNDERS, *Respondent*, v. FIRST NATIONAL BANK OF KELSO, *Appellant*.[1]

MALICIOUS PROSECUTION—MALICE—BURDEN OF PROOF. In an action for damages for malicious prosecution, proof of the discharge of plaintiff by the committing magistrate, is only *prima facie* evidence of want of probable cause, and does not shift the burden of proof as to malice; hence, where the plaintiff fails to establish malice, the defendant is entitled to a directed verdict in his favor.

MALICIOUS PROSECUTION—MALICE—EVIDENCE—SUFFICIENCY. Malice in causing the arrest for grand larceny of one who persisted in attempting to remove mortgaged chattels from the state, after notice by the mortgagee to desist, is not sufficiently shown, in an action for malicious prosecution, by the presumption of want of probable cause from the dismissal of the suit, where the plaintiff testified there was no ill-feeling at the time the notice was given, and the only other evidence of malice was a letter of subsequent date showing some feeling against attorneys for the plaintiff.

Appeal from a judgment of the superior court for Cowlitz county, Darch, J., entered August 1, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for malicious prosecution.    Reversed.

*B. L. Hubbell* and *Miller, Crass & Wilkinson*, for appellant.

*Imus & Gore* and *Coy Burnett*, for respondent.

PARKER, J.—The plaintiff seeks recovery of damages which he claims resulted to him from the malicious prosecution of a criminal charge made against him by C. C. Bashor acting for the defendant bank. Trial before the court and a jury resulted in verdict and judgment against the defendant, awarding the plaintiff damages in the sum of $400, from which the defendant has appealed to this court.

The only contention made here by counsel for appellant is that the trial court erred in denying their challenge to the sufficiency of the evidence to support any recovery of

[1]Reported in 147 Pac. 894.

damages against appellant, made by motion for a directed verdict at the close of the trial, and by motion notwithstanding the verdict after the return of the verdict and before the rendering of judgment thereon. We therefore notice the facts appearing in the record before us, determinative of this contention.

On November 21, 1913, and for some time prior thereto, C. C. Bashor was the cashier of appellant bank. Appellant then had a chattel mortgage upon a stock of paints and wall paper in a store at Kelso, securing an indebtedness owing to appellant. Respondent was proceeding to remove the stock from the state though warned by Bashor, acting for appellant, not to do so until its debt secured by the mortgage was paid. Respondent was claiming the right to the goods under an execution sale thereof which he claimed was superior to appellant's mortgage which was prior in time. It is plain that Bashor, appellant's cashier, was acting in good faith in claiming appellant's rights under the mortgage. Upon respondent's proceeding to remove the goods from the state, Bashor filed with a justice of the peace, as a committing magistrate, a complaint charging respondent with the crime of grand larceny, and caused his arrest therefor. Upon his arrest he was taken to the office of the justice, where the justice fixed his bail at $200, and where he was retained in the custody of the sheriff for two or three hours pending arrangements to secure bail, when, upon furnishing the bail, he was released and the hearing before the justice set for a later day. The charge against respondent was thereafter dismissed by the prosecuting attorney. Bashor and respondent were strangers to each other at the time of respondent's taking the goods with a view of removing them from the state. .

Aside from the inferences which might be drawn from the mere fact of the charge being made against respondent by Bashor, we have in the evidence only the following which we regard as having any material bearing upon the question of

Bashor's malice against respondent. Respondent testified in part as follows:

"When I arrived at Kelso I met Mr. C. C. Bashor, as I remember, outside of the bank at Kelso and told him I had come to get the goods, and he said, 'The only way you are going to get those goods is to pay our mortgage.' . . . I wouldn't say he was hostile at all, he merely informed me he would see we didn't take the goods. . . . Cannot recall if ever met Mr. Bashor (C. C. Bashor) prior to conversation with him. No feeling of hostility between us. I think only had one conversation with him."

A day or two following respondent's arrest, Bashor wrote a letter to a firm of attorneys in Portland expressing some feeling against them for the part they were supposed to have taken in the attempted removal of the mortgaged goods from this state. This letter was introduced as tending to show malice on the part of Bashor. It is possible this letter may have some tendency to show ill feeling against those attorneys, but not against respondent. Besides, whatever ill feeling it may possibly tend to show against respondent, it in any event only shows Bashor's attitude after the arrest. In the light of respondent's own evidence above quoted, we think this letter is of no weight touching the question of malice on the part of Bashor at or before respondent's arrest. Plainly Bashor never did anything further in the prosecution of that charge against respondent, the prosecuting attorney having dismissed it without hearing.

While we have held that the discharge by a committing magistrate of a person charged with crime is, *prima facie,* evidence of want of probable cause for the prosecution of such person for the crime charged against him, *Noblett v. Bartsch,* 31 Wash. 24, 71 Pac. 551, 96 Am. St. 996; *Charlton v. Markland,* 36 Wash. 40, 78 Pac. 132, we have also held that such evidence of want of probable cause does not necessarily make a *prima facie* showing of the additional necessary element of malice on the part of the one causing

such prosecution when he is sued and damages claimed from him because thereof. The burden of proof as to the question of malice is not shifted upon the defendant by such proof of want of probable cause. *Ton v. Stetson,* 43 Wash. 471, 86 Pac. 668; *Anderson v. Seattle Lighting Co.,* 71 Wash. 155, 161, 127 Pac. 1108. We think it sufficiently appears from our review of the evidence touching the question of malice on the part of Bashor against respondent when the latter's arrest was caused, that what little evidence there is in this record on that question points affirmatively to the fact that there was no malice on the part of Bashor. This evidence really militates in his favor rather than against him on that question, although the burden of proof as to that question was then upon his opponent.

Attention is called to our decision in *Waring v. Hudspeth,* 75 Wash. 534, 135 Pac. 222. In that case the jury were permitted to infer malice from facts attending the arrest and prosecution. These are stated in the opinion at page 539 as follows:

"In the present case, however, the respondent did not rely alone upon the fact of the dismissal of the charge of grand larceny; but put in evidence all the surrounding facts and circumstances. It appears that, when the complaint was sworn to by the appellant, he therein charged the respondent with the theft of ten cords of wood, two of which he knew were then in his own woodhouse; and with the theft of eight other cords, which was based on no fact other than that he had been informed that the respondent claimed the wood. It would seem obvious from the facts in this case, that the appellant in causing the arrest showed a disregard of the rights of the respondent which was inconsistent either with good faith or with the purpose to further the ends of justice. In such a case, malice may be inferred from the want of probable cause."

In the case before us, we are unable to find any facts disclosed by this record attending the arrest of respondent pointing to malice or wanton disregard of the rights of re-

spondent.  It is conceded that respondent had actually taken possession of and removed a considerable amount of the stock of goods, enough to make the offense grand larceny if, as a matter of law, respondent had been guilty of larceny, and was proceeding to ship them out of the state.  We are of the opinion that there was not sufficient evidence of malice on the part of appellant in causing the arrest of respondent to support the verdict and judgment, and that the challenge to the evidence made by counsel for appellant should have been sustained.

The judgment is reversed and the cause dismissed.

MORRIS, C. J., HOLCOMB, MOUNT, and CHADWICK, JJ., concur.