[No. 16333.  Department Two.  August 24, 1921.]

CON HAMBURG, as Guardian ad Litem of Catherine Hamburg, a Minor, Appellant, v. GENEVA EAGLESON, Respondent.

CON HAMBURG, as Guardian ad Litem of Pauline Hill, a Minor, Appellant, v. GENEVA EAGLESON, Respondent.[1]

MALICIOUS PROSECUTION (4, 15)—MALICE—EVIDENCE—SUFFICIENCY. In an action for malicious prosecution in swearing out a search warrant against a domestic servant and procuring a search of the home of her parents, a directed verdict for defendant was proper, where the evidence showed that defendant, upon missing a fur, made inquiries at places where she might have left it, without result, but after the search, the defendant recovered the fur from a place she had theretofore visited, and expressing regrets to the servant for having suspected her, their relations were amicably maintained until the father of the servant took the latter away and began an action for damages.

[1]Reported in 200 Pac. 306.

SAME (4)—MALICE—MISTAKE OF OFFICER. Where one acted in good faith and upon probable cause in signing a blank complaint for a search warrant for a lost fur, which the justice of the peace later filled out so as to charge an essentially different offense, the carelessness and mistake of the officer would not establish malice on the part of the complainant.

Appeal from judgments of the superior court for Walla Walla county, Mills, J., entered January 15, 1920, upon verdicts of a jury rendered in favor of the defendants by direction of the court, in consolidated actions for malicious prosecution. Affirmed.

*J. W. Brooks,* for appellants.
*J. L. Sharpstein* and *T. A. Paul,* for respondent.

MITCHELL, J.—These two cases were tried together and are thus presented on appeal. They are malicious prosecution actions. In each case there was a directed verdict for the defendant, and plaintiffs have appealed.

The arguments are predicated on the case of Catherine Hamburg, and we follow that course. She was, and for some months had been, a domestic servant of the respondent's mother, at whose home respondent resided. She and her employer's family, including the respondent, were on the best of terms—all were pleased, except that there were evidences of a secretive disposition on the part of the appellant and minor irregularities, including prowling about portions of the house, not required or expected in the performance of her duties. Catherine's friend Pauline Hill often called in the evenings and stayed until both would leave about eight o'clock, and Pauline also took more or less liberties about the place. The respondent missed a fur that until lately she had in her possession at the residence. It possessed a peculiar value to her. All members of

the household engaged in a fruitless search for it and Catherine was told of the loss. Careful consideration and discussions were had by members of the family as to the different places visited and apparel worn by the respondent since the last time they had seen it, which failed to account for it. It was known that, in the meantime, no one at all outside the members of the family and Catherine and her friend Pauline had been in the house. Inquiries at places there was a possibility of its having been left were unrewarded.

In these circumstances, the respondent interviewed a deputy sheriff, under whose advice both of them went to a justice of the peace (who, under § 2237, Rem. Code, if the complainant believes the property is concealed in any particular house or place, shall issue a search warrant for such property if "he be satisfied that there is a reasonable cause for such belief") and advised him of the situation. He had her sign an instrument in blank form intended for the issuance of a search warrant against the appellant. The instrument, signed by the respondent, was later filled out by the justice of the peace in her absence, and thereafter a search warrant was placed in the hands of a deputy sheriff, who searched the house of the appellant without finding the fur. After the search, the respondent recovered the fur from a place she had lately visited. Immediately respondent and her mother expressed to appellant their regrets for having suspected her. The appellant, who was seventeen years of age, was scarcely perturbed, and without cessation at any time, continued her services until the father, the nominal appellant here, went to the home of respondent's mother in an angry mood and against the daughter's wishes took her away. His demeanor at the house at that time was such that at

one time his daughter "pushed him away", and later, before leaving, she told the family they had been so kind and good to her she did not want to leave, but that her father would not let her stay; and on leaving was advised that the family would at any time give her recommendations as a house servant. There are some other facts in the case of minor importance we do not set out that negative the charge of malice and strengthen the defense of probable cause. We are of the opinion this case, without question, is as strong or stronger in support of the judgment than were the facts, similar in many respects, in the malicious prosecution case of *Ton v. Stetson,* 43 Wash. 471, 86 Pac. 668, in support of the judgment therein, in which case we said:

"Appellate courts have frequently sustained or directed nonsuits upon clearer evidence tending to show malice than that in the case at bar. See, *Hatjie v. Hare,* 68 Vt. 247, 35 Atl. 54; *Perry v. Sulier,* 92 Mich. 72, 52 N. W. 801; *Richter v. Koster,* 45 Ind. 440; *Willis v. Knox,* 5 Rich. (S. C.) 474."

Also, the judgment appealed from is sustained by reference to the principles stated in *Saunders v. First National Bank of Kelso,* 85 Wash. 125, 147 Pac. 894.

The conclusion here reached is not overcome by the fact that the justice of the peace carelessly and erroneously filled in the complaint, after the respondent had signed it in blank, so as to charge an essentially different offense. It was known to the officers it was the fur that was wanted, and it was that the sheriff did search for. She obeyed the instructions of the justice of the peace in signing the instrument, and his carelessness in later erroneously filling out the complaint, of which mistake she, of course, was wholly unaware, cannot prevail against her, in the face of her having acted in good faith and upon probable cause in seek-

ing a warrant for the search of the fur.  *O'Brien v. Frasier*, 47 N. J. L. 349.

The judgment in each case is affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and TOLMAN, JJ. concur.