A. A. LADD *et al., Respondents,* v. G. G. MILES *et al.,*
*Appellants.*[1]

*C. W. Greenough* and *A. O. Colburn,* for appellants.
*Edward M. Connelly,* for respondents.

TOLMAN, C. J.—This is an action in tort against a
sheriff, certain of his deputies and the surety on his

[1]Reported in 17 P. (2d) 875.

official bond, based upon what is alleged to have been an unlawful procuring of the issuance of a search warrant and upon the acts done under the search warrant so procured. A trial was had to a jury, which returned a verdict against the defendant sheriff, his deputy Duggan and the National Surety Company, the surety on the sheriff's official bond, in the sum of two hundred fifty dollars. Motions for judgment n. o. v. and for a new trial having been interposed and denied, a judgment on the verdict was entered, and this appeal followed.

Appellants assert that this is an action either for unlawful search or for malicious prosecution, while respondents seem to consider it to be an action for defamation of character. In a general way, it seems to possess the characteristics of an action for malicious prosecution. We have held that

". . . search proceedings, when maliciously instituted, or prosecuted without probable cause, may be made the basis of an action for malicious prosecution." *Olson v. Haggerty,* 69 Wash. 48, 124 Pac. 145.

The gist of what is complained of may be best shown by quoting from the amended complaint:

"That on or about August 19, 1931, defendant, H. J. Duggan, without knowledge of facts or circumstances surrounding the matter, went before the Hon. Charles A. Goodsell, Justice of the Peace, and falsely swore that he had probable cause to believe that plaintiffs herein were manufacturing, keeping, bartering, selling or otherwise keeping or disposing of intoxicating liquors at their home at 1624 E. Hartson avenue; that the said deputy sheriff, H. J. Duggan, swore to such facts without investigation of any character whatsoever, and did it in an arbitrary and capricious manner under instructions from defendants, George G. Miles and William Burnett, both express and implied, to procure a search warrant author-

46

izing the search of plaintiff's home, and that the said H. J. Duggan swore to such facts in such a way as to injure and damage plaintiffs herein. That the said H. J. Duggan, as heretofore alleged, was a duly appointed, qualified and acting deputy sheriff, and that the said defendant, William Burnett, was also a duly appointed, qualified and acting deputy sheriff, the former being a member of the dry squad of the sheriff's force, and the latter being in charge of the dry squad at the times alleged herein. That the implied instructions under which the said H. J. Duggan and William Burnett acted were contained in a policy which defendant, George G. Miles, permitted to be established in his office of securing search warrants on any and all information, whether actual or anonymous, verbal, written or telephoned, constituting complaints of violations of the laws relating to intoxicating liquor. . . . That the said Charles A. Goodsell, Justice of the Peace, upon the sworn statement of the said H. J. Duggan, as heretofore alleged, and without any other knowledge or information as to what the true or probable facts might be, issued a search warrant to the said Duggan, commanding the sheriff and deputies to search the plaintiff's home situated at E. 1624 Hartson avenue, Spokane, and describing the defendant as John Doe. That a copy of said search warrant is attached to the original complaint on file herein, marked 'Exhibit A' and by this reference made a part of this amended complaint. That thereafter, William Burnett, who was in charge of the raiding party, and defendants named herein, H. J. Duggan and others defined as deputy sheriffs, consisting of two automobile loads thereof, all of said deputy sheriffs being under the instruction and supervision at said time, of defendant George G. Miles, as sheriff of Spokane county, the said instructions being express in that the said sheriff directed his said dry squad, headed by the said defendant, William Burnett, to make searches and raids upon all search warrants secured on verbal, written or telephoned information, anonymous or identified; that under said instructions, both express and implied, from their duties as deputy sheriffs, they went to plaintiffs' home, pried open win-

dows in the absence of plaintiffs and their family, searched the plaintiffs' home, disturbing much of the furniture and contents of such home, but finding no intoxicating liquor, no bottles or containers in which intoxicating liquor might have been kept, no still and no paraphernalia whatsoever indicating that plaintiffs had at any time manufactured or kept intoxicating liquor in their home.

"That said search was made arbitrarily, maliciously and capriciously by said defendants without knowledge of the facts or without any efforts toward investigation on the part of said officers in the neighborhood where plaintiffs lived, or among their acquaintances, whether or not said plaintiffs might be engaged in the manufacture, keeping or possession of intoxicating liquor at their home or anywhere else."

An answer was interposed with appropriate admissions, denials, and an affirmative defense to the effect that the search warrant was issued upon reasonable and probable cause. A bill of particulars was furnished to amplify this defense, and from that we quote:

"That immediately prior to the issuance of the search warrant alleged in the complaint, two prohibition enforcement officers of the United States government told the defendant sheriff and his deputies that for over a month people living in the immediate vicinity of the premises described in the search warrant had reported to said prohibition officers that numerous and divers persons had driven up to said premises and gone away apparently taking packages containing bottles of beer; that said informants told the sheriff that beer had been obtained in said premises; that said Federal prohibition officers had watched said premises in the evenings to verify the reports of the neighbors and they told the sheriff that the operations about said premises had the usual indications of the sale of intoxicating and contraband liquor in the said premises. It was also reported to the defendant sheriff and his deputies that said house was furnished and was not supposed to be occupied, but was for

48

rent and that the excuse used by the venders of beer in taking their customers to said place was that they were showing them the premises with a view to rental thereof. It was also reported by said Federal officials and people in the immediate neighborhood that from time to time suspicious looking packages and bundles were carried into said premises and shortly thereafter various people came up in large numbers and remained a while and departed therefrom. Defendants further state that it was upon the information and statements of said experienced prohibition enforcement officers of the United States government and the information furnished by neighbors that the complaint for the search warrant was made and which the defendants allege constituted probable cause for the issuance of said search warrant.''

So far as the testimony departed from these issues and is of importance, it will be referred to hereafter as may be appropriate.

The errors assigned all go to the refusal of the trial court to grant a motion for judgment on the pleadings, to sustain an objection to the introduction of any testimony based on the pleadings and the plaintiffs' opening statement to the jury, the refusal to sustain a challenge to the evidence at the close of the plaintiffs' case, and the denial of the motions for an instructed verdict and for judgment n. o. v., each made at the appropriate time.

The general statutes on the issuance of search warrants, Rem. Comp. Stat., §§ 2237 and 2238, use the words reasonable cause or reasonable cause for belief. The statute authorizing the issuance of search warrants in and for the enforcement of the liquor laws, Rem. Comp. Stat., § 7316, uses the term probable cause. It seems not illogical to hold that these terms mean the same thing and that either or both have the same meaning as probable cause in those statutes relating to the issuance of warrants for the

arrest of the person on criminal charges or to the duties of committing magistrates in like cases.

Of course, it is not the law that an officer whose duty it is to serve process is bound to look behind or beyond a warrant which is fair on its face. It is the duty of the officer to obey such warrant without question. *Ingraham v. Booton,* 117 Minn. 105, 134 N. W. 505, Ann. Cas. 1913D, 212. It was upon this theory that one of the deputies made a defendant here was dismissed by the court before the cause was submitted to the jury. Only because the complaint (and the evidence as well) charges Deputy Duggan and his superior, the sheriff, with having improperly and unlawfully secured the issuance of the search warrant, was a cause of action stated and proved. The actionable wrong, then, on the part of the sheriff and his deputy, if any, was in causing the warrant to issue without probable cause, and, knowing that the warrant had so issued by their own procurement, they were likewise wrongdoers in what they did in the way of execution of the writ.

This reduces the issues here to the one point: Did the deputy sheriff, acting under the directions of his superior, have and disclose to the magistrate an actual knowledge of sufficient facts to constitute probable cause? That all the facts going to show probable cause need not be stated in the affidavit or complaint, seems to be established by our own cases of *State ex rel. Hodge v. Gordon,* 95 Wash. 289, 163 Pac. 772; *State v. Voelker,* 137 Wash. 156, 242 Pac. 6, and *State v. Noah,* 150 Wash. 187, 272 Pac. 729; but none of those cases in any way negatives the rule of the supreme court of the United States, recently announced, to the effect that, by evidence competent in a trial before a jury, the probable cause must be so far established as would lead a man of prudence and caution

to believe that the offense had been committed. *Grau v. United States*, 287 U. S. 124, 53 S. Ct. 38. In that case, Mr. Justice Roberts, speaking for the court, says:

"A search warrant may issue only upon evidence which would be competent in the trial of the offense before a jury (*Giles v. United States*, [C. C. A.] 284 Fed. 208; *Wagner v. United States*, [C. C. A.] 8 F. (2d) 581); and would lead a man of prudence and caution to believe that the offense has been committed. (*Steele v. United States*, 267 U. S. 498, 504, 45 S. Ct. 414, 69 L. Ed. 757). Tested by these standards, the affidavit was insufficient."

See, also, *People v. Thompson*, 238 Mich. 171, 213 N. W. 159.

Indeed, the justice of the peace who issued the warrant here under consideration seems to have recognized the holding in the *Hodge, Voelker* and *Noah* cases, for he testified in this case that, in addition to reading the affidavit presented by the deputy sheriff, he, the justice, interrogated the deputy with some care and at some length before issuing the warrant.

No doubt, under the *Hodge, Voelker* and *Noah* cases, *supra,* if it appeared here that the justice had, by his oral examination, elicited competent testimony which might have convinced him, as a careful and prudent man, that the offense had been committed, we should be obliged to hold that the warrant was properly issued. Here, however, no competent evidence, either in the form of a written affidavit or complaint or orally, was submitted to the justice or could have been so submitted by the deputy Duggan, because, as shown by the bill of particulars and even more conclusively by the evidence on the trial of the case, he, Duggan, or his superior, the sheriff, had no knowledge of facts which would enable them to give any competent evidence upon the subject.

Appellants rely largely upon the case of *Kniseley v. Ham*, 39 Okl. 623, 136 Pac. 427, cited by this court in the *Hodge* case, *supra,* and upon first reading it does seem to support their contention that, even though the sheriff improperly secured the issuance of the search warrant, yet, when issued, it was full protection to him and he could not be held in an action in trespass for his acts done under the warrant. The Oklahoma court there said:

"It seems that under the above authorities, when the affidavit was filed before the magistrate, and the magistrate determined there was probable cause for the issuance of a search warrant against the premises described, and a warrant was issued, and it was regular upon its face, it was the duty of the officer to whom the warrant was delivered to execute it as therein commanded, and he is not liable as a trespasser for executing the writ. The fact that the officer to whom the writ was delivered filed the complaint can make no difference in the trial of this action for trespass. The district court had no right to submit to the jury the question of whether or not the warrant had been regularly issued, or whether or not the facts alleged in the complaint were true. The statute made it the duty of the magistrate to pass upon these facts. The district court had no right to sit in review of the action of the magistrate in issuing the warrant in this instance. If the facts set out in the complaint on which the warrant was based were not true, the plaintiff had his remedy by proper action against the party filing the complaint; but those questions cannot be tried in this case."

We need not inquire whether this ruling is right or wrong. Certainly, this portion of the decision was not approved by us in the *Hodge* case, because it has no relation to the issues we there decided. Here, we need only call attention to the last sentence quoted, and to the fact that this action is, as there suggested, a "proper action against the party filing the complaint."

Some courts have held that the justice who so issues

a search warrant without a showing of probable cause is himself liable. *Sandford v. Nichols,* 13 Mass. 285, 7 Am. Dec. 151. But that question is not in this case. It is referred to only as indicating that one who induces the judicial officer to do a wrongful act can not himself escape responsibility for his own act upon the theory that the judicial act which he wrongfully induced, because done in form of law, will protect him.

This is not a case where full disclosure of all of the known facts was made to the magistrate at the time that the application for the issuance of the search warrant was made. It is true that, so far as disclosure was made, it indicated a lack of competent evidence on the subject, but the record fails to reveal with any certainty what was disclosed by the oral examination made by the justice at the time, and the jury may have found that the reports received by the sheriff from the Federal officials were themselves based upon hearsay received by them from an over-officious or malicious person residing in the vicinity of the property searched, and that this important fact, still further removing such evidence from the realm of competency, was not then disclosed. We see no such evidence as to a full disclosure of all material facts to the magistrate as would take the question of probable cause from the jury and authorize the court to rule on it as a matter of law.

We think it must be here held that the sheriff and his deputies had no actual knowledge of any offense having been committed, could not have given competent testimony such as would justify the issuance of the warrant (and of course did not), and that they acted wholly on hearsay and incompetent evidence, most of which was doubly hearsay, which was the only sort of evidence disclosed to the justice, as they very well knew; that, therefore, they received and acted under a

warrant known by them to be improperly issued, which was therefore no protection to them.

The acts of the sheriff and his deputies under such a warrant might perhaps render them liable in an action in trespass in which malice need not be shown; but whether so or not, the warrant having been issued without probable cause, the jury may infer malice.

This rule, which is a general one and well established, is recognized in *Noblett v. Bartsch*, 31 Wash. 24, 71 Pac. 551, 96 Am. St. 886, and in *Charlton v. Markland*, 36 Wash. 40, 78 Pac. 132; though in *Ton v. Stetson*, 43 Wash. 471, 86 Pac. 668, the rule was apparently limited as follows:

"While it is true that in some cases, where the evidence is sufficient to show a want of probable cause, malice may be inferred, it is not an invariable rule that it must necessarily be inferred. It would be a harsh rule to hold that, where the evidence was merely sufficient to make a *prima facie* showing of want of probable cause, malice must necessarily be inferred therefrom. If, in connection with the *prima facie* showing of want of probable cause, affirmative acts of the respondent had been shown disclosing the least feeling of bitterness, animosity or vindictiveness towards the appellant, then it might be that an inference of malice would be justified sufficiently to require the denial of a nonsuit. In this case there is an utter absence of any such showing. The parties were not acquainted with each other even in the slightest degree."

The cases of *Saunders v. First National Bank of Kelso*, 85 Wash. 125, 147 Pac. 894, and *Hamburg v. Eagleson*, 116 Wash. 616, 200 Pac. 306, both follow the *Ton* case and can be distinguished on the facts. In other words, in all of these cases there was an affirmative showing of a lack of malice which was held to be sufficient to overcome the inference of malice which might be drawn from lack of probable cause. In

*Anderson v. Seattle Lighting Co.,* 71 Wash. 155, 127 Pac. 1108, probable cause was established, and therefore the case is not in point.

We conclude that, under the facts in this case, the general rule should be applied, and the jury, having first found lack of probable cause, might, under the facts here shown, draw therefrom the inference of malice.

The rule of the supreme court of the United States requiring probable cause to be shown by evidence competent in a trial before a jury seems to be a just one. Our own case of *State v. Kinnear,* 162 Wash. 214, 298 Pac. 449, leans strongly in that direction, and in addition to the cases already cited, *Wallace v. State,* 199 Ind. 317, 157 N. E. 657, and *People v. Sovetsky,* 343 Ill. 583, 175 N. E. 844, are among the recent holdings which support our present views.

We are convinced that there was no error in any of the rulings complained of, and the judgment appealed from is affirmed.

BEALS, STEINERT, and MAIN, JJ., concur.