[No. 28395.   Department Two.   October 21, 1941.]

THOMAS H. PALLETT, *Respondent,* v. JAMES THOMPKINS
*et al., Appellants.*[1]

[1]Reported in 118 P. (2d) 190.

*John D. MacGillivray* and *James W. Mifflin,* for appellants.

*Smith, Matthews & Wilkerson, John G. Matthews, Jr.,* and *Carl P. Zapp,* for respondent.

BLAKE, J.—Plaintiff was arrested on May 6, 1939, by defendants Thompkins and Pero, deputy sheriffs of King county, upon a warrant issued by a justice of the peace of that county. The warrant was issued upon a complaint, sworn to by Thompkins, charging plaintiff with the crime of petit larceny. Plaintiff was subsequently brought to trial and acquitted of the charge. He then brought this action for damages against the sheriff, the surety on his official bond, and the two deputies. The cause was tried to a jury, which returned a verdict in favor of plaintiff. From judgment on the verdict, defendants appeal.

There is sharp disagreement as to the character of the action set up in the complaint. Appellants insist that it is a straight action for false imprisonment. If it is, of course the action must fail. An officer who

makes an arrest under a warrant or process, valid upon its face, is not liable in an action for false imprisonment. *Johnson v. Nelson,* 146 Wash. 500, 263 Pac. 949, 56 A. L. R. 1035; *Cavitt v. McCrite,* 194 Wash. 684, 79 P. (2d) 637.

The court, however, treated the action as one for malicious prosecution and submitted it to the jury on that theory. The two actions—false imprisonment and malicious prosecution—are essentially different in character. False imprisonment is the unlawful arrest of a person without warrant, or by an illegal warrant, or a warrant illegally executed. If the action is instituted and maintained maliciously and without probable cause, it constitutes malicious prosecution.

The gist of the action for malicious prosecution rests in malice and want of probable cause. *Neves v. Costa,* 5 Cal. App. 111, 89 Pac. 860; *Dodson v. Solomon,* 134 Fla. 284, 183 So. 825; *Roberts v. Thomas,* 135 Ky. 63, 121 S. W. 961; *Reilly v. United States Fidelity & Guaranty Co.,* 15 F. (2d) 314. To maintain the action, these elements must be *alleged* and *proved.* While malice and want of probable cause are not, in terms, alleged in the complaint, the equivalent are, in a liberal view of the pleading, found in the following allegation:

" . . . the defendants James Thompkins and G. J. Pero had no reasonable ground to believe that plaintiff had been guilty of any crime, although said defendants by false statements procured a purported warrant of arrest from J. E. McFarland, Justice of the Peace, for Renton Precinct, King County, Washington, . . ."

A *prima facie* case of want of probable cause (from which malice may be inferred) is made by proof that the criminal proceedings were dismissed or terminated in plaintiff's favor. *Noblett v. Bartsch,* 31 Wash. 24, 71 Pac. 551, 96 Am. St. 886; *Charlton v. Markland,* 36 Wash. 40, 78 Pac. 132. But malice is not *necessarily* to be inferred from such *prima facie* showing of want

of probable cause. *Ton v. Stetson,* 43 Wash. 471, 86 Pac. 668; *Anderson v. Seattle Lighting Co.,* 71 Wash. 155, 127 Pac. 1108; *Saunders v. First Nat. Bank of Kelso,* 85 Wash. 125, 147 Pac. 894.

■■ In the light of these rules, it may be conceded that respondent made out a *prima facie* case of want of probable cause, since the criminal proceedings terminated in his favor. The facts necessary, however, *to establish probable cause* present a question of law to be decided by the court. The existence of such facts is, of course, to be determined by the jury. But if facts sufficient to establish probable cause are shown and are undisputed, then the court should declare, as a matter of law, that there was probable cause and dismiss the action. *Hightower v. Union Savings & Trust Co.,* 88 Wash. 179, 152 Pac. 1015, Ann. Cas. 1918A, 489. A warrant may issue only upon evidence which would be competent in the trial of the offense before a jury; and the facts must be sufficient to lead a man of prudence and caution to believe the offense had been committed. *Ladd v. Miles,* 171 Wash. 44, 17 P. (2d) 875.

■ Now, with these rules in mind, let us examine the facts that were known to Thompkins and Pero and upon which they caused the warrant to issue. They and one Cope, another deputy sheriff, were charged with the duty of looking after the property of King county located at what was known as the Calhoun gravel pit. The county maintained a five- or six-stall garage at the pit where county trucks were kept at night. The charge of petit larceny against respondent was based on theft of gasoline from one of the trucks. The facts upon which the complaint was made were discovered by Cope, who was subordinate in authority to Thompkins. These facts may best be presented through the testimony of J. E. McFarland, the justice

of the peace who issued the warrant and who was called as a witness by respondent:

"He [Cope] told me that on the evening of the 4th, about dusk, he arrived on a Renton visit at the Calhoun pit and found the double doors open leading to one of the stalls and that he shut them and locked them without looking inside and as he came around the east end of the right wing or entrance, looking west from the entrance he met a man on the road traveling west on the road, and had a look at him, and then became a bit suspicious, and went back and went into the garage and found a car which did not belong there with cans in it and a piece of rubber hose, a syphon hose, lying there, just alongside, between this coupe or car and the county truck, or a truck standing alongside, and he made up his mind he would look for the man in there; and upon investigation he found in the back, or east side of the garage a board had been pushed out. . . . A board had been pushed out where the man had made his exit, and determined, after investigation, in his opinion that this gas was being syphoned at the time he closed the door when he came up, and he reported it to his superiors and they reported it to me. He did not know whose car it was; they were in several times; and found some information on the car and got the man's name and called on the superintendent to find out if the man had the right to have the car in there; and they thought that he was making a theft; and they went after the man."

Upon learning these facts from Cope, and prior to presenting the matter to the justice of the peace, Thompkins and Pero impounded the car referred to. As indicated in McFarland's testimony, they learned, upon investigation before the complaint was filed, that the car belonged to respondent. There is no evidence that Thompkins and Pero, prior to that time, had ever seen or heard of respondent. These facts are undisputed. That they constituted probable cause for the prosecution and arrest of respondent, does not seem

debatable to us. Put another way, as in *Ton v. Stetson, supra*:

"We are of the opinion that the *prima facie* showing of want of probable cause here made, taken in connection with the surrounding facts and circumstances, would not warrant a jury in finding or inferring malice on the part of [appellants] . . ."

Respondent tries to sap the force of these facts by saying that he had had permission from the acting foreman at the gravel pit to leave his car in the garage. There is no evidence that Thompkins, Pero, or Cope had knowledge of any such permission. On the contrary, they "called on the superintendent to find out if the man had the right to have the car in there." Under the rule laid down in the cases we have cited, the court should have granted appellants' challenge to the sufficiency of the evidence.

The judgment is reversed, and the cause is remanded with direction to dismiss the action.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.