[No. 4764–1.   Division One.   July 17, 1978.]

CHESTER W. CLIPSE, *Appellant,* v. MICHAEL R. GILLIS, ET AL, *Respondents.*

*William S. Howard,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Michael C. Duggan, Deputy,* for respondents.

DORE, J.—Chester Clipse sued Michael Gillis and Kathleen McChesney for negligence and false imprisonment. He appeals from a summary judgment of dismissal. We affirm.

This suit arises from the investigation, arrest, and prosecution of Clipse on a charge of rape. On October 3, 1973, a woman reported that she was raped in the back of a camper truck by a man who had given her and her cousin a ride as they hitchhiked near the Seattle–Tacoma airport. Detectives Gillis and McChesney of the King County Department of Public Safety were assigned to investigate the alleged rape.

The officers were given a description of the suspect's vehicle, including the license number. Both women gave

physical descriptions of the suspect, and further described sets of handcuffs and a small handgun allegedly used by the suspect.

A check with the Department of Motor Vehicles identified Clipse as the owner of the vehicle. On October 9, 1973, Gillis interviewed Clipse at his home. The officer observed and was permitted to inspect Clipse's camper, which matched the description given by the witnesses. Clipse admitted owning handcuffs and a small handgun.

On October 25, 1973, both the victim and her cousin independently identified Clipse's photograph from a group of eight photographs of possible suspects. An information was prepared in conjunction with the King County prosecutor's office, and Gillis' affidavit describing the circumstances discussed above was submitted to a magistrate with a request for a search warrant. Arrest and search warrants were issued and served on Clipse on October 29, 1973.

Clipse was tried in King County Superior Court. He did not challenge the sufficiency of Gillis' affidavit or the existence of probable cause to arrest, nor did he move to dismiss at the close of the State's case–in–chief. A jury returned a verdict of acquittal after 14 hours of deliberation. Some time later Clipse commenced this suit, seeking damages against the investigating and arresting officers, Gillis and McChesney, for false imprisonment and negligence in the course of their investigation.

Clipse claims that the trial court erred in finding no genuine issue of material fact as to his causes of action for false imprisonment and negligence. Counsel has not called to our attention, nor do we find from our own examination of the record, any facts which would tend to establish the illegality of the warrants, or their illegal execution. These are the material issues in a suit for false imprisonment, where the arrest has been made pursuant to a warrant. *Pallett v. Thompkins,* 10 Wn.2d 697, 699, 118 P.2d 190 (1941). It is a well–recognized rule that an officer who makes an arrest under a warrant, valid on its face, is not liable in an action for false imprisonment. *Pallett v.*

*Thompkins, supra.* We have reviewed the warrant and supporting affidavit before us and find that this case falls well within the rule. The trial court properly found Gillis and McChesney to be entitled to summary judgment as a matter of law on the claim of false imprisonment.

Clipse attempts to avoid the rule discussed above by alleging negligent investigation of his case by detectives Gillis and McChesney prior to the issuance of the warrant. The essence of his allegation is that although the prosecuting witness claimed that Clipse had crawled through a 10– by 37–inch window between the cab of the truck and the attached camper, such a feat would have been physically impossible for a person of his ample girth. He argues that the officers' failure to investigate the impossibility of the occurrence was negligence.

■ The immunity of public officers from tort liability for their discretionary acts has been recognized in Washington. *King v. Seattle,* 84 Wn.2d 239, 525 P.2d 228 (1974). No officer, of course, is absolved from liability for his personal torts merely because he is an officer; the question of immunity arises only where he performs, or purports to perform his official functions. W. Prosser, *Handbook of the Law of Torts* § 132 (4th ed. 1971).

The policy in support of the immunity of public officers has been stated as follows:

> The complex process of legal administration requires that officers shall be charged with the duty of making decisions, either of law or of fact, and acting in accordance with their determinations. Public servants would be unduly hampered and intimidated in the discharge of their duties, and an impossible burden would fall upon all our agencies of government if the immunity to private liability were not extended, in some reasonable degree, to those who act improperly, or exceed the authority given.

*Prosser, supra* at § 132. As Judge Learned Hand stated in *Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir. 1949):

> Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to

satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. Judged as res nova, we should not hesitate to follow the path laid down in the books.

■ The critical factor in determining whether immunity applies is the distinction between truly discretionary acts and other administrative processes. Guidelines for drawing this distinction were set forth in *Evangelical United Brethren Church v. State,* 67 Wn.2d 246, 407 P.2d 440 (1965).

(1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy . . . as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act . . . require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite . . . authority . . . ? If these preliminary questions can be clearly and unequivocally answered in the affirmative, then the challenged act, omission, or decision can, with a reasonable degree of assurance, be classified as a discretionary governmental process and nontortious, regardless of its unwisdom. If, however, one or more of the questions call for or suggest a negative answer, then further inquiry may well become necessary, depending upon the facts and circumstances involved.

*Evangelical United Brethren Church v. State, supra* at 255.

■ The Department of Public Safety possesses the authority, and has the duty, to investigate criminal complaints made by the public. Such investigations involve

evaluation, judgment, and expertise in the accumulation of evidence and the establishment of a criminal case, and are fundamental to the public objective of law enforcement. We therefore regard the investigation of criminal complaints made by the public as a discretionary governmental process. In the absence of corrupt or malicious motives, public officers are not personally liable for errors or mistakes of judgment in the performance of duties involving the exercise of judgment and discretion. *Whatcom County v. Langlie,* 40 Wn.2d 855, 246 P.2d 836 (1952); *see also* W. Prosser, *Handbook of the Law of Torts,* § 132 (4th ed. 1971). Because there is no suggestion of corrupt or malicious motives in this case, Clipse's claim for negligence was properly dismissed by summary judgment under the doctrine of immunity of public officers.

Affirmed.

ANDERSEN, A.C.J., and WILLIAMS, J., concur.