[No. 13976–2–I.   Division One.   December 31, 1984.]

HARRIET M. GOULD, *Appellant,* v. DONALD T. REAY, ET AL, *Respondents.*

*Vaughn E. Evans,* for appellant.

*Reed, McClure, Moceri & Thonn, P.S., William R. Hickman,* and *Mary Petersen McFarland,* for respondents.

CORBETT, J.—Harriet M. Gould appeals the dismissal of her action at the close of her case. She challenges the trial court's conclusion that the defendant was immune from liability. We reverse.[1]

In 1976, Victor Gould's body was found in Robinswood Park. Donald T. Reay, as medical examiner for King County, performed an autopsy. He found that the cause of death was a gunshot in the back of the head. Gould brought this action, alleging in her complaint that Dr. Reay was careless and incompetent in his performance of the autopsy and was negligent in signing the death certificate which indicated the manner of death was suicide. Although Gould alleged that Dr. Reay acted arbitrarily and capriciously with malicious and willful intent to cause her severe pain and suffering, no evidence of this was submitted during the trial. She did present evidence which, if believed, would show that Dr. Reay failed to fully investigate all the facts and circumstances and overlooked evidence contrary to the finding of suicide.

In his answer and at trial, Dr. Reay relied upon *Evangelical United Brethren Church v. State,* 67 Wn.2d 246, 407

---

[1]Because of our resolution of the case, we do not consider Reay's motion to strike Gould's response to the statement of additional authorities.

P.2d 440 (1965), *Moloney v. Tribune Pub'g Co.*, 26 Wn. App. 357, 613 P.2d 1179 (1980), and *Clipse v. Gillis*, 20 Wn. App. 691, 582 P.2d 555 (1978), and asserted that he was immune from liability because the actions complained of were discretionary acts performed within the scope of his official capacity. The trial court agreed and held that Dr. Reay enjoyed a qualified immunity from liability for discretionary acts of a public official. In its oral opinion, the trial court stated that there was evidence from which negligence could be found but it specifically did not reach this issue because of its ruling on immunity.

After the trial in this case, our Supreme Court decided *Bender v. Seattle,* 99 Wn.2d 582, 664 P.2d 492 (1983), *Chambers–Castanes v. King Cy.,* 100 Wn.2d 275, 669 P.2d 451 (1983) and *Petersen v. State,* 100 Wn.2d 421, 671 P.2d 230 (1983). Discretionary governmental immunity is an extremely limited exception to liability. *Petersen,* at 433; *Chambers–Castanes,* at 281.

> The purpose of our limited, court–created rule of immunity is to prevent the courts from passing judgment on basic policy decisions that have been committed to coordinate branches of government. Since the concept of discretionary governmental immunity is a court–created exception to the general rule of governmental tort liability, its applicability is necessarily limited only to those high level discretionary acts exercised at a truly executive level.

*Bender,* at 588; *accord, Chambers–Castanes,* at 281–82.

The medical examiner's determination of the manner of death, although requiring professional evaluation, does not involve a balancing of risks and advantages in the process of determining a policy. Rather, it is a decision made at an operational as opposed to executive level. It is therefore subject to the tort standard applicable to professional negligence. *See Petersen,* at 435. The trial court erred in finding Dr. Reay immune from liability and in granting his motion to dismiss at the end of Gould's case.

In 1978, 2 years after the autopsy, Bellevue police received a transcript of an interview with an informant.

While the transcript contained references to Victor Gould, the investigation was unrelated to his death. In a prior action, Bellevue police filed an affidavit resisting a subpoena of the transcript. The trial court refused to admit the affidavit in this case. Gould now assigns error to its exclusion. The pertinent portion of the affidavit states:

> Disclosure of such investigative information to the parties in the above entitled action will expose the confidential informant and other innocent parties to grave physical danger, will irreparably harm continuing investigations by other law enforcement agencies and may present a potential for serious invasions of privacy.

Gould argues that this statement is incompatible with suicide. Gould's speculation is too remote to make the affidavit probative or relevant. Gould was permitted to ask police officers whether the investigation of the death was reopened and whether the reopening altered the police department's conclusion regarding the manner of death. The trial court did not abuse its discretion by excluding the affidavit. ER 402; *Haugen v. Minnesota Mining & Mfg. Co.*, 15 Wn. App. 379, 390, 550 P.2d 71 (1976).

Reversed and remanded for trial on the theory of negligent determination of the manner of death.

DURHAM, C.J., and CALLOW, J., concur.

Reconsideration denied March 6, 1985.

Review by Supreme Court pending July 1, 1985.